## BORGMANN v. BORGMANN ET AL.

*Will—Provision to deduct advancements—Residue devised to children equally—Executors authorized to sell property—Fee simple title in children—Right of devisee to partition—Estate not limited by executor's powers.*

1. An item of a will devising all the rest and residue of testator's estate both real and personal to his children by name, share and share alike, which is preceded by an item providing for the deduction of advancements from the shares of certain named sons, vests a fee simple title in each of the persons named therein of an equal portion of the residue, subject to the advancements, and such beneficiaries have an interest which entitles them to partition.

2. The succeeding item of the will appointing an executor and giving him full power to sell, convey, exchange, lease or incumber any or all of the estate real or personal, for the purpose of making equitable distribution of the estate between the children, does not cut down or change the estate devised in the preceding item, but merely subjects it to the power of sale in the executor.

(Decided March 13, 1922.)

APPEAL: Court of Appeals for Hamilton county.

*Mr. Vincent H. Beckman* and *Mr. Edward S. Aston,* for plaintiff.

*Mr. John C. Healy* and *Messrs. Dorger & Dorger,* for defendants.

BUCHWALTER, J. The plaintiff, August Borgmann, brought two actions for the partition of real estate of which his mother, Bernardina Borgmann, died seized. At her decease Mrs. Borgmann left eight children surviving her, all of whom are made parties herein.

The two actions were consolidated in the court of common pleas, and are, as consolidated, before this court on appeal.

The petition avers that Bernardina Borgmann died on or about the 9th day of April, 1914, seized in fee simple of the real estate in question herein, and other real estate not included in this consolidated action; that she left a last will and testament, and the executor and executrix named therein were duly appointed and qualified. It is also averred that certain advancements were made to plaintiff, and to the defendants, Harry H. and Bernard J. Borgmann; that the Cosmopolitan Bank & Savings Company holds a mortgage on certain of the lands; and that Frank H. Borgmann, one of the executors, has received rents from some of the property, and has not made any accounting therefor. The prayer is for partition and a general accounting between the parties.

An amended answer and cross-petition, filed by Frank H. Borgmann and Mayme Borgmann, as executor and executrix, admits title in the testatrix at the time of her death, the appointment of the executor and executrix, and that the copy of the will is a true copy. They aver that they have borrowed $4,000 from the Cosmopolitan Bank & Savings Company. They further aver that during the war real estate could not be sold for its true value, and that upon the request and approval of all the beneficiaries under the will the loan was made, and a note executed by the executors, who claim to be personally obligated thereon. They also allege that there was an agreement by all parties to defer the sale of the property until such time as seemed more opportune. They deny plaintiff's claim to a vested

interest in the land, which entitles him to partition; and, by way of cross-petition, ask for an order of sale of the real estate to pay debts and the costs of administration.

The plaintiff replies that the defendants have not taken proper proceedings by law to bring the property to a sale. Plaintiff does not question the power of sale under the will, but avers that the executors have delayed too long to be entitled, at this time, to such relief.

Bernard J. Borgmann joins plaintiff and files a reply similar to his. The other four defendants join with the executors and ask the relief set forth in the cross-petition.

The first seven clauses of the will provide for the payment of debts, the application of certain sums for masses and cemetery purposes, make disposition of the furniture, provide that the home shall not be sold while any of the children remain unmarried, and give certain bequests to some of the children.

The important sections of the will in this proceeding are Items 8, 9 and 10, which are as follows:

"ITEM VIII. The advancements heretofore made to my sons, August Borgmann, Bernard J. Borgmann and Harry H. Borgmann, shall be charged to them, and the amount due at the time of my death shall be deducted from the share they will be entitled to under this my last will and testament.

"ITEM IX. All the rest and residue of my estate, I give, devise and bequeath unto my children, Frank H. Borgmann, Mayme Borgmann, Catherine Borgmann, Frederika Nieman (formerly Borgmann), Bernardina Wessel (formerly Borgmann), August Borgmann, Bernard Borgmann and Harry H. Borg-

mann, share and share alike, to be to them and their heirs forever.

"ITEM X. I do hereby nominate and appoint my son, Frank H. Borgmann, and my daughter, Mayme Borgmann, Executor and Executrix respectively of this my last will and testament and request that no bond and no inventory be required of them, hereby giving and granting unto my said executor and my said executrix, or their survivor, full power to sell, at public or private sale, convey, exchange, lease or incumber any and all of my estate, whether real or personal, upon such terms and conditions as they may deem best, without applying to any court for authority so to do, and the purchaser or purchasers at such sales need not look to the application of the purchase money. My said executor and executrix shall have full power to sell said property for the purpose of making an equitable distribution of my estate between my said children."

The question is, Did the real estate vest in the devisees, with power of sale in the executors for certain purposes; or, did the title vest in the executors, who were to sell the real estate and distribute only the proceeds of the sale?

Item VIII, as above, merely provides for the deduction of advancements from the shares of three of the sons of testatrix, including the plaintiff.

Item IX of the will, standing alone, clearly vests a fee simple title in each of the persons named therein of one-eighth of the rest and residue, after the payment of the legacies, cost of administration, etc., subject to the advancements made and provided for in Item VIII. The provisions of this item are plain and unequivocal. The devisees mentioned are all of testatrix's children, each of whom is specifically

named therein. It is an estate in lands, not in the proceeds derived from the sale of lands.

Under the rule of construction, "where two clauses of a will are repugnant, the latter must prevail," it is contended that by Item X of the will the title is vested in the executors as trustees to sell the property, and, after making certain payments, to divide the balance of the proceeds among the devisees.

"Language which cuts down an estate in fee to a less estate must be as clear and decisive as the words by which the estate in fee was given in the first instance." Page on Wills, Section 574; *Collins* v. *Collins,* 40 Ohio St., 353, 364, and *Parker* v. *Parker,* 13 Ohio St., 95, 105.

By Item X the power of sale was given to the executors only for the purpose of distribution, *i. e.,* to make an equitable distribution among the children.

The case of *Bernheim* v. *Stark, Exr.,* 9 Ohio App., 40, is relied on by the defendants. That was an action to enforce a contract for the sale of real estate, which had been entered into by the executor. There were certain trust provisions in the will, and the testatrix, after giving the executor power to sell, lease, change investments, etc., vested in such executor and trustee "such title as may be necessary to carry out the provisions of this my will." In order to set aside the trust funds provided for under Items 1 and 2 of that will it was necessary to sell real estate, and the court held that the executor had authority to make a lease with the privilege of purchase. No issue was raised as to the title to other parcels of real estate. The executor's powers and duties as to other real estate were determined by this court in *Stark, Exr.,* v. *McEwen,* 15 Ohio App.,

188, decided April 11, 1921, wherein it was helʌ that such executor had a power of sale for certain purposes, but that the title to the estate was not vested in him. This will is very similar to the one now under consideration.

In *Hoyt* v. *Day*, 32 Ohio St., 101, Item 4 of the will is as follows:

"I do hereby nominate and appoint Benjamin Davis, * * * executor of this my last will and testament, and do hereby authorize and empower him to sell and by deed duly executed to convey all said real estate to the purchaser or purchasers thereof, *if necessary for the purpose of distributing my said estate among the devisees and legatees aforesaid.*"

The syllabus reads:

"1. A testator, whose estate consisted of a single tract of land, occupied as a homestead, and some personal property, devised and bequeathed to his wife one-half of all his real and personal estate, and the other half to his brothers and sisters, and the children of a deceased sister naming each, and specifying the proportion or share of each. * * * *Held*, that this was a devise in fee, to each of the devisees by name, of an undivided estate in land, in the proportions specified, and not a bequest of the proceeds of said land.

"2. That the power of sale vested in the executor was a naked power only, not a power coupled with an interest in the land, and could only be exercised, if necessary, for the purpose of making distribution among the devisees.

"3. Each of said devisees holds his share as a tenant in common with the others, and is entitled to

all the rights of such tenancy, subject only to the power of sale.''

From these authorities it seems clear that Item X does not cut down or change the estate devised in Item IX, by which each of the devisees holds his share as a tenant in common with the others named, subject, however, to the aforesaid power of sale.

Counsel for defendants cite the cases of *Richey, Exr.,* v. *Johnson,* 30 Ohio St., 288, and *Gandolfe* v. *Walker,* 15 Ohio St., 251.

In *Richey, Exr.,* v. *Johnson,* there was no devise of realty to the objects of his bounty. The farm, after the death of the wife, was to be sold, and the proceeds distributed.

In *Gandolfe* v. *Walker* the provisions of the will were entirely different, and the question in that case was whether or not the sureties on the bond were liable to the beneficiaries for profits of a brewery which the executor was directed to operate.

The principle is stated that an executor, while not called a trustee in the will, may as such be vested with all the powers and duties of a trustee, and some cases are cited to establish this principle. This may be granted, but we do not consider that under the terms of this will the testatrix created any trust estate, nor is there any direction to sell all real estate and only distribute the proceeds thereof.

The case of *Sinton* v. *Boyd,* 19 Ohio St., 30, relates to the time of vesting of an estate, but there is no such devise to the children in that case as is given in the Borgmann will. By Item IX a fee simple title to the residue of the estate vested in each of her children in equal proportions, immediately upon the decease of the testatrix, subject to certain advancements. Neither Item X, nor the will as a

whole, places the title in the executors as a trust to be executed. There is no postponement of the time of settlement of the estate. The power of sale was to be exercised for but one purpose, to-wit, an equitable distribution among the children, and then only to carry out the intention of the testatrix and to avoid litigation in the estate.

Bernardina Borgmann died April, 1914. No action was brought to sell real estate, nor was any real estate sold up to the time of the filing of the partition suits in March, 1918. It is true, by the will, the executors did have a power of sale for the purposes mentioned, but no sale was had, and now when partition is sought the executors declaring that they hold the estate as trustees ask for a decree permitting them to sell to pay debts.

A discretion or power to sell must be exercised in a reasonable time, and, if not so exercised, relief in equity may be granted. It is a rule of law that estates shall be held to vest at the earliest period, unless there is a clear manifestation of the intention of the testator to the contrary. *Bolten* v. *Bank*, 50 Ohio St., 290, and *Linton* v. *Laycock*, 33 Ohio St., 128.

It is urged that the plaintiff is estopped because of an alleged agreement to delay the sale, made by all parties and continued from time to time. This agreement was indefinite as to time, was verbal, and could be terminated at will. It is significant that even after the partition suit was filed in March, 1918, no purchaser for any of the real estate was found until July, 1920.

As the interest of plaintiff is vested, his right to proceed to partition is found under Sections 12026 and 12028, General Code.

All parties interested under the will are parties to this action, and all questions between them in reference to the estate are here in issue, and may be here determined. The delays which have occurred because the executors did not proceed to sell sufficient real estate to pay debts, legacies and costs of administration, as they had power to do, should not further continue.

In equity the plaintiff is entitled to the relief sought. A decree may be prepared accordingly.

*Decree accordingly.*

HAMILTON, P. J., and CUSHING, J., concur.