## No. 65

LEWIS BARCUS v. BERTHA HOWARD, Trustee
Franklin Common Pleas, No. 86753, July, 1922
For full opinion, see Columbus Daily Law Reporter,
Aug. 1, 1922

WILLS—(1) Creation of a trust estate—(2) Subsequent deed did not revoke the trust provision of will—Remainders engrafted on a fee—(3) Intention of testator governs construction.

SCARLET, J.:
### Epitomized Opinion

Lewis, Charles and LeRoy Barcus, and Bertha Howard are brothers and sister. In his lifetime the father, Hiram Barcus, owned a parcel of land, in Columbus. In his will the father divided the lot and gave the east half to Charles and the north half of the west half to LeRoy. On each part there were separate houses, but the old homestead, which is located in the middle of the parcel, extends over parts of all three shares. The will devises the old home to Bertha, as trustee, the one story part to go to the mother and the rest to be rented and net receipts to be divided between Edward and Bertha. Before the father's death he deeded the east half to Bertha. It is conceded for Lewis, that the provisions of the will as to that part of the house on the east half was thereby revoked. After the testator's death, Edward deeded his portion of the land to Bertha.

1. It is claimed that the deed which the father made, operated to revoke the trust as to the land deeded to Lewis. The deed to Bertha conveys title to the portion of the building, the use of which was devised to the mother, and is not inconsistent with the continuance of the trust on the west half of parcel not deeded ot Bertha. No other arrangement was made for handling the two other portions. Since this reason for the creation of the trust remained, after the deed was delivered, it did not revoke the trust provision of the will as to the two-story portion of the building.

2. The first ten or eleven lines of item 5 of the will would convey to Charles and LeRoy absolute title in fee simple to their respective halves of the west half, including all the buildings thereon. However, in the same item there follows a grant of easements in the law devised for access to outhouses, not only to each of the grantees, but to the lessees of the homestead; and in the next item appears the devise to Bertha, in trust, of the old homestead or the use thereof, so long as it is "worth keeping in repair." This trust provision is not in violation of the rule that a limitation or reminder cannot be engrafted on a fee. The Supreme Court has adopted a liberal rule in the treatment of such provisions of a will, Baxter v. Boyer, 19 OS 497.

3. Taking this will by its five corners and giving the natural and ordinary meaning to the language used, there is no trouble to arrive at the intention of the testator. The testator's clearly expressed intention was to give Edward and LeRoy a fee simple to the south and north halves respectively and the buildings thereon, except the title to the old homestead and subject to certain easements, and these were vested in the trustee for the purpose of the trust. To this intention effect must be given and the plaintiff is entitled to an accounting.

## No. 66

VERA FELDCAMP, a minor, v. CINCINNATI
TRAC. CO.
Superior Court of Cincinnati
For full opinion see Cincinnati Court Index,
Oct. 13, 1922

EVIDENCE—Inherent power of court to appoint experts to make examination of litigants and advise concerning merits of claims.

MARX, J.
### Epitomized Opinion

The plaintiff was injured in a street car collision. The defendant admitted liability, and the jury awarded $2,000 damages. The defendant claimed that the amount was so excessive as to require a new trial. The plaintiff asked the judge to determine what amount would be a reasonable and just compensation. Neither side alleged any error of law and the principal question at issue is the amount that should be paid to the plaintiff.

The principal questions of fact were whether a bruise received by plaintiff in the car accident was the proximate cause of an abscess discovered after sickness plaintiff, which followed the accident, which abscess had to be operated upon and had left a deep scar, which would cause her to limp slightly through the rest of her life and would also cause her pain.

Neither side chose to call Dr. O., the surgeon who performed the operation. The court stated, upon the motion for a new trial, that the omission of this evidence was an important fact, and unless both sides consented to have this doctor testify on the motion, he would be compelled to draw an inference from the omission, unfavorable to the party who would not consent to placing before the court the evidence of the operating surgeon. Both sides consented and the doctor was called as a witness, and his testimony was considered by the court, with the other evidence.

The court explained that it was fully aware that there was no provision of statute, empowering it to appoint a disinterested physician and surgeon to make an impartial examination of litigants, for the purpose of advising the court concerning the respective claims, but believed there should be such legislative enactment. But in the absence of such a law, the court has inherent power to cause such an examination to be made in furtherance of substantial justice. When hired experts testify upon opposite sides to opposite conclusions, every expert testifying in favor of the side which hires him, it is imperative that the court possess the right, upon its own motion, to appoint an impartial, disinterested expert to discover the truth, and to order the fee to be taxed as part of the costs in the case. But there is no doubt that where both parties consent, as in this case, there can be no objection to the procedure, citing as authority a case to which this is analogous, Railway v. Burianek, 30, OCA, 592.

The evidence of the surgeon was heard, and the court found that $1,200 would fully and fairly compensate the plaintiff.

Attorneys—DeCamp, Sutphin & Brunleve, for plaintiff; Sherman T. McPherson, for defendant.