## PECK, TRUSTEE, *v.* CHATFIELD ET AL.

*Bankruptcy—Contingent remainder in bankrupt not subject to administration, when—Contingent and vested remainders distinguished, and remaindermen ascertained, how.*

1. Devise to trustee, with power to sell and use income and principal for support of servant for life, then to testatrix's daughter for life, and on her death to her son, on his attaining majority, conveyed only contingent remainder to son, which did not pass to trustee on son's adjudication in bankruptcy prior to death of his mother under Bankruptcy Act, Section 70, subd. (a), cl. 5 (Barnes' Fed. Code, Section 9154, U. S. Comp. Stats., Section 9654), and Section 11655, General Code.

2. If contingency to interest taken under will is attached to thing, or right given, or the person to take, the interest is contingent; if it is attached to the time when the thing or right is to be enjoyed, it is vested; the contingency referring merely to the payment or division.

3. Where testator intends land to be divided at death of person named among such persons as come within class, remaindermen are to be ascertained at death of person named, and remainder is contingent.

(Decided January 3, 1927.)

ERROR: Court of Appeals for Hamilton county.

*Messrs. Peck, Shaffer & Williams* and *Mr. Frank H. Shaffer, Jr.,* for plaintiff in error.

*Mr. Powell Crosley, Messrs. Clark & McCauley,* and *Messrs. Dinsmore, Shohl & Sawyer,* for defendants in error.

CUSHING, J. The original action, in the court of common pleas, was brought by Albert B. C. Chatfield for the partition of the real estate described in the petition.

The facts are not in dispute, and are substantially as follows:

It is conceded that Albert B. C. Chatfield, the Provident Savings Bank & Trust Company, and Ferdinand Bader, county treasurer, are entitled to the claims made in their respective pleadings, and that the property should be partitioned.

The controversy in this court grows out of a dispute between John Weld Peck, trustee in bankruptcy of William H. Chatfield, Jr., and Charles Sawyer, grantee of the interest of William H. Chatfield, Jr., under a transfer made on October 4, 1925.

On and prior to January 28, 1898, Julia S. Wade owned the property described in the petition. On that day she made a will, the pertinent provisions of which are:

"Fourth: I give, bequeath and devise all the remainder of my property, of whatever kind and wherever situated, to Reuben Tyler, in trust, to have and to hold the same, and all proceeds of sale thereof. Said trustee, shall have full power to sell and convey all said property, by public or private sale, upon such terms as he may deem best, and to invest and re-invest the proceeds of sale thereof; he may rent, lease or mortgage real estate, and use income to pay mortgage, if he shall think the same expedient; and generally, he shall have the same right and power of control and disposal of said property as if he owned the same absolutely.

"I direct that out of the income from said property or if necessary, out of the principal, said trustee provide what may be required for the support and care of Emily Baker, a colored woman

who has been in my family for many years, while she lives, and a suitable burial after her death; and the remainder of said income is to be paid to or for my daughter, Eliza Wade Chatfield; and after the death of said Emily Baker, the entire net income is to be paid to or for my daughter, during her life; and after her death, said income is to be paid to or for any child or children of hers who may survive her, till said child or children reach the age of legal majority, when said property shall be transferred to said child or children, in equal parts, in fee simple, absolutely, if my daughter shall have died before that time.

"But if my daughter shall leave no children or child surviving her, at her death, or if she shall leave one or more children surviving her, and none of them shall reach the age of legal majority, then said property shall be transferred to my nephew, George P. Pugh, to have the same unconditionally, if he shall then be living, but if he shall not then be living, said property shall be turned over to and belong to the person or persons who would be entitled to take the same, if said George P. Pugh had owned the same at the time of his death, and had died intestate, said person or persons to be ascertained and determined according to the laws of Ohio."

Julia S. Wade died in 1902. Emily Baker, mentioned in the will, has been dead many years. William H. Chatfield, Jr., was adjudged a bankrupt May 25, 1923. Eliza Wade Chatfield died July 28, 1925. On October 4, 1925, William H. Chatfield, Jr., transferred all his right, title, and interest in and to said property to Charles Sawyer, trustee in bankruptcy.

The questions of law are: Did William H. Chatfield, Jr., take a vested remainder in the property by the will of Julia S. Wade? If so, would the trustee in bankruptcy be entitled to whatever interest said William H. Chatfield, Jr., had in the property at the time he was adjudged a bankrupt?

If William H. Chatfield, Jr.'s, interest, under the will, was a contingent remainder, no title would pass to him until the death of his mother, Eliza Wade Chatfield, on July 28, 1925, and thereupon, under the transfer of the property, Charles Sawyer would take the title to the same.

Section 70, subd. (a), clause 5, of the Bankruptcy Act of the United States of 1898 (Section 9154, Barnes' Fed. Code; Section 9654, U. S. Comp. Stats.), provides that the trustee in bankruptcy shall be vested by operation of law with the title of the bankrupt to "property which prior to the filing of the petition he could by any means have transferred or which might have been levied upon and sold under judicial process against him."

Section 11655, General Code, provides:

"Lands and tenements, including vested legal interests therein, permanent leasehold estates renewable forever, and goods and chattels, not exempt by law, shall be subject to the payment of debts, and liable to be taken on execution and sold as hereinafter provided."

In determining the question of what is a vested legal interest, we must construe the will and determine the intention of the testatrix. The title to the property vested in the trustee, with power to sell and use the income and principal, if necessary, to support, care for, and provide a suitable

burial for Emily Baker. After Emily Baker's death, the entire net income was to be paid to and for Eliza Wade Chatfield during her life. After the death of Eliza Wade Chatfield, the income was to be paid to any child or children of Eliza Wade Chatfield that survived her, till said child or children reached the age of legal majority, when said property was to be transferred to said child or children in equal parts in fee simple. The will further provided:

"If my daughter shall leave no children or child surviving her, at her death, or if she shall leave one or more children surviving her, and none of them shall reach the age of legal majority, then said property shall be transferred to my nephew, George P. Pugh" in fee simple.

As this litigation is for the purpose of determining whether William H. Chatfield, Jr., had a vested or contingent remainder in the property on May 25, 1923, it is only necessary to consider the title to the property.

At least three contingencies are named, the happening of any one of which would prevent any title from vesting in William H. Chatfield, Jr.: (1) The trustee could have sold the property and used the proceeds for Emily Baker; (2) William H. Chatfield, Jr., might not have survived his mother, in which case he would not come within the class designated in the will to take the property on the death of Eliza Wade Chatfield; (3) if there was no class, or none of a certain class, defined in the will, then the property was to go to the nephew, George P. Pugh.

The rule by which it is to be determined whether

an interest taken under a will is vested or contingent is well stated in *Richey, Exr.,* v. *Johnson,* 30 Ohio St., 288, 295:

"If the contingency is attached to the thing, or right given, or the person to take, the interest is contingent; if it is attached to the time when the thing or right is to be enjoyed, it is vested, the contingency referring merely to the payment or division. In the former case it is in the nature of a condition precedent, which is the consideration of the gift; but in the latter, it is the mere postponement of payment of what is due by absolute right. This does not make the legacy contingent unless the postponement arises from the situation of the legatee on account of the want of an existing present capacity to take and enjoy, or when the ascertainment of the person to take is referred to a future period, and the right to take depends on his being *in esse* at that time."

There was no vested interest in the sense of a present right of enjoyment, to any person capable of future reception, or upon the happening of an event certain. There was no present right of future enjoyment given, nor was it given to a person who had the present capacity to take and enjoy it, let the contingency happen when it may. The right did not depend solely on the death of Eliza Wade Chatfield. It depended on whether or not there was any property within the provisions of the will, and upon whether or not William H. Chatfield, Jr., was in being and had arrived at the age of twenty-one years. As was stated by this court in the case of *Alter* v. *Alter,* 31 O. C. A., 113, 35 C. D., 671:

"A vested interest is one in which there is a

present fixed right either of present enjoyment or of future enjoyment.''

Another rule is that a remainder is contingent when the testator intended the land to be divided at the death of a person named among such persons as come within the class. The remaindermen are to be ascertained, not at the death of the testator, but at the death of the person named. *Barr v. Denney,* 79 Ohio St., 358, 87 N. E., 267.

In New York it was held that where, aside from the direction to the executors or trustees to divide and distribute the estate upon the death of the widow, there are no words importing a gift, and the only gift is found in a direction to divide, or pay at a future time, the gift is future, not immediate; contingent, not vested. *Matter of Crane,* 164 N. Y., 71, 58 N. E., 47.

Our conclusion is that William H. Chatfield, Jr., took a contingent remainder only, and that he did not have a vested legal interest in the property that he could have transferred prior to the filing of the petition in bankruptcy, or which might have been levied upon and sold under judicial proceedings against him.

The judgment of the court of common pleas will be affirmed.

*Judgment affirmed.*

BUCHWALTER, P. J., and HAMILTON, J., concur.