TRUMBULL v. STENTZ et.

Common Pleas Court, Huron County.
Decided March 10, 1928.
First Publication of this Opinion.
Syllabus by Editorial Staff.

1271. WILLS AND LEGACIES—362a. Decedents' Estates.

Provision in will "I give, devise and bequeath to my beloved wife, Almira Harson, all my real and personal property belonging to me," followed by provision "it is my request that the property left at the decease of my beloved wife be equally divided between David P. Trumbull and Maude M. Stentz," held to give wife fee simple estate.

Heard on Demurrer.
Demurrer sustained.
FULL TEXT.

CARPENTER, J.

This is a suit for partition of real estate between plaintiff and defendant, Maude Stentz,

and to quiet title against the other defendants Homer Fletcher and The Citizens Banking Company.

To the petition these defendants have filed a general demurrer and the same has been submitted.

The petition, in substance, alleges that Cornelius L. Harson formerly owned the real estate in question, a house and lot, that he died testate, and that his will contained the following provisions:

Item 1. (Usual provision for debts.)

2nd. "I give, devise and bequeath to my beloved wife, Almira Harson, all my real and personal property belonging to me."

"It is my request that the property left at the decease of my beloved wife be equally divided between David P. Trumbull and Maude M. Stentz."

Subsequent to the death of Cornelius L. Harson, Almira Harson, his widow, conveyed the house and lot to defendant Homer Fletcher and he in turn mortgaged it to defendant The Citizens Banking Company, the demurrants here. Since then Almira Harson has died.

The question here to be determined is what estate Almira Harson took under that will. Plaintiff claims it was a life estate only with a vested remainder in plaintiff and defendant Maude M. Stentz. The other defendants claim she took an absolute estate in fee simple.

This issue necessitates a construction of the items of the will above quoted.

Many authorities have been cited in support of the respective claims and all have been examined with some care, but without discussing them here this court is of the opinion that the rule of construction laid down in the leading English case, Thornhill et al v. Hall, 2 Clark & Finn. 22 is decisive of this issue. There it is stated:

"It is a rule of the courts, in construing written instruments, that when an interest is given or an estate conveyed in one clause of the instrument, in clear and decisive terms, such interest or estate can not be taken away or cut down by raising a doubt, upon the extent and meaning and application of a subsequent clause, nor by inference therefrom, nor by any subsequent words that are not as clear and decisive as the words of the clause giving that interest or estate."

This principle has been many times followed in Ohio, notable illustrations thereof being: Parker v. Parker, 13 OS. 95; Collins v. Collins, 40 OS., 353; Watkins v. Price, 16 O. App., 27; Borgmann v. Borgmann, 16 O. App., 292.

The first sentence in Item Second of the Harson will "I give, devise and bequeath to my beloved wife, Almira Harson, all my real and personal property belonging to me" is about as clear and specific a grant of an absolute fee simple estate as could be stated. Can it be said that the second sentence with equal clearness indicates an intent to reduce that estate to one for life with remainder in Trumbull and Stentz?

"It is my request that the property left at the decease of my beloved wife be equally divided between David P. Trumbull and Maude M. Stentz."

The very first words "It is my request" reflects qualification and indicates only a wish or a direction. Then the expression "left"

also raises a question. Left from what?

We can but conclude that the second sentence was merely the wish, desire, or request of the testator expressed to his widow for such guidance in the disposition of whatever might be "left," after her death as she might desire to follow. From the long interval between the deaths of the testator and Almira Harson, it is easy to understand that there may not have been much left.

The separate demurrers are sustained with exceptions to the plaintiff and leave to him to plead by March 24, 1928, if he so desires.