Robinson, J.
 

 This action was begun in the court of common pleas of Cuyahoga county by the separate guardians of the grandchildren of the testatrix, Anna T. Thompson, for the ostensible purpose of securing the advice and direction of the court as to a provisional agreement of settlement of a suit to set aside the will of testatrix, instituted by her daughters and heirs at law, by and under which will the wards of the plaintiffs take all their interest in the estate of the testatrix.
 

 The plaintiffs, however, having invoked the jurisdiction of a court of equity for the purpose of securing a decree authorizing the settlement of a suit threatening the existence of the trust estate, sought to drag in its wake a jurisdiction to decree a substitution of a contract between the heirs at law and the beneficiaries under the will, for and in the place and stead of the will, and a decree that the estate be administered in pursuance to such contract instead of in pursuance to the testamentary trust.
 

 The difference between the provisions of the will and the provisions of the contract for the children of the testatrix is not here significant, since the settlement is proposed for the purpose of averting the danger of such children prevailing in their suit to set aside the will, and the proposed settlement is in lieu of the provisions made for them in the will. It is sufficient to say that authority is sought by such guardians to consent, for their wards, to a substan
 
 *403
 
 tial increase in the proportion of the estate of the testatrix which the children of the testatrix shall receive, and a decree authorizing them to enter into such a contract for their wards and authorizing and directing the trustee to use a portion of the corpus of the testamentary estate to carry out the provisional agreement with such children.
 

 The will and the provisional contract are each made a part of the petition, and are each too lengthy to be copied here. They have this important provision in common:
 

 The entire estate is settled in a trustee, who is authorized to pay to or expend for, each grandchild, such a sum as the trustee in his discretion deems needful and wise, not to exceed $1,000 per year, until November 14, 1932, when the eldest grandchild arrives at the age of 25 years, at which time the entire estate remaining, after provision has been made for the testatrix’s children, is to be divided into as many equal parts as there are grandchildren living, or, if a grandchild be deceased, an equal part to be set aside for the issue of such grandchild.
 

 They differ in the following respects: The testatrix appointed her own trustee, and authorized and directed him to appoint his successors. The contract provides for the appointment of a trustee, or trustees, by the court. The will provides that, upon the arrival of each grandchild at the age of 25 years, the trustees shall pay to such grandchild, from his share, $5,000, “if in the judgment of my Trustee, he or she, as the case may be, is capable, industrious and trustworthy, and free from dissipating and harmful habits and has diligently applied himself or herself in a useful and proper manner;” and, as
 
 *404
 
 each grandchild shall arrive at the age of 30 years, the trustee shall pay to him or her $10,000, “provided said grandchild, in the judgment of Trustee, is capable, and has shown the qualities, character, and good habits above mentioned;” and, as each grandchild arrives at the age of 35 years, “said Trustee shall pay or transfer to him or her, the remainder of his or her share so set aside with the unexpended accumulations, provided said grandchild in the judgment of said Trustee is capable, and has shown the qualities, character and good habits above mentioned.”
 

 The will also provides: “The provisions herein made for the beneficiaries and
 
 cestui que
 
 trust are not to be assigned, charged or incumbered, and are made subject to the condition that if any such person shall at any time or times alienate, charge, incumber, assign, or attempt to dispose of or incumber any provision herein made for him or her or any part thereof or interest therein, or if by reason of his or her bankruptcy, insolvency or assignment for the benefit of creditors or any other event not herein provided for, such provision, sum or income would wholly or in part fail or cease to be personally enjoyed by such
 
 cestui que
 
 trust or beneficiary, or in case any part thereof is given to my son-in-law, Edgar J. Mooney or used in any manner in connection with his business, or in case said sums or income but for this present proviso, either thru the act or default of such beneficiary or
 
 cestui que
 
 trust or by operation or process of law or otherwise, would belong to or become vested in some person or persons other than as provided for in this my will, then the entire unexpended trusts, bequests and in
 
 *405
 
 come expressed and made for such beneficiary or
 
 cestui que
 
 trust, shall immediately thereupon cease and determine and the same shall be thenceforth be held and be applied by the Trustee during all the then residue of the life of said
 
 cestui que
 
 trust and beneficiary in the manner following, that is to say, he shall pay or apply the same or such part thereof for the maintenance and personal support of such
 
 cestui que
 
 trust or beneficiary and for the benefit of such other person or person who would be entitled thereto under the ulterior trusts herein declared, if such
 
 cestui que
 
 trust or beneficiary aforesaid were dead or disqualified to participate, in such manner as said Trustee shall in his absolute discretion from time to time think wise and proper. ’ ’
 

 The contract provides that the trustee, from and after the time each grandchild arrives at the age of 25 years, shall pay to such grandchild annually the entire net income from his share of the trust estate, contains no restrictions as to alienation, and imposes in the trustee thereafter no discretion as to disbursement of income or corpus of the estate.
 

 The contract therefore relieves the estate of each grandchild from all restrictions as to alienation, accelerates the time of the receipt of the net income thereof from one to ten years, relieves the estate of each from all the conditions and restrictions imposed by the testatrix, and divests the trustee of all discretion as to disbursements.
 

 The cause was heard in the Court of Appeals upon appeal. A .demurrer to the petition was overruled and a judgment entered, affirming the contract, removing the trustee, appointing a different trustee, ordering the defendant, John H. Madden, as exe
 
 *406
 
 cutor, to settle the estate and turn over the property to the new trustee, and directing the new trustee, so appointed by the court, to administer the trust according to the contract instead of according to the will.
 

 The cause is here as upon the demurrer to the petition; the demurrer going both to the jurisdiction of the court and the sufficiency of the petition.
 

 At common law courts of chancery had jurisdiction of trusts and trust estates. Pomeroy’s Equity Jurisprudence (4th Ed.), Sections 150, 153 and 980, and, independent of the jurisdiction conferred upon the court of common pleas by Section 10857, General Code, that court has jurisdiction to decree a necessary and proper settlement by the trustee of a suit which threatens both the estate and the trust, and has jurisdiction to authorize the guardians, in their trust relationship to their wards, to make settlement of litigation which threatens the estates of their wards.
 

 The allegation of the petition that the heirs at law have instituted a suit to set aside the will, that there is great danger that they will prevail in such suit, and that the heirs at law are willing to settle such suit upon the payment to them of a given portion of the trust estate, states a cause of action in equity for the advice and direction of the chancellor, both at common law and under Section 10857, General Code.
 

 We have no doubt as to the jurisdiction of a court of chancery to authorize and decree such a settlement upon the petition of the guardians of beneficiaries under the will who are not
 
 sui juris,
 
 and that the petition states a cause of action in that re
 
 *407
 
 spect. But it does not follow that, because a court has jurisdiction of the case for that purpose, it thereby becomes invested with a jurisdiction that heretofore has not been accorded to any court; that is, a jurisdiction to set aside a will creating a testamentary trust by an agreement of the beneficiaries of such trust with the heirs at law without the intervention of a jury. Manifestly, if the will were set aside according to the provisions of Section 12082, General Code, the heirs at law would then take the estate by descent, and might make any agreement with their children, the grandchildren, and beneficiaries of the testatrix that they desired, and might name or might provide for the court to name a trustee, and settle a portion or all of the estate in such trustee for the use and benefit of such children. But, until the will is so set aside, the heirs at law, as such, have nothing to offer the beneficiaries under the will, except an agreement to refrain from a further attack upon the will; and the grandchildren, having no right, claim to, or ownership in, the estate of the testatrix other than that given them by the will, are limited in their disposition of such estate to the heirs at law, to each other, or to any one else, by the character and extent of the estate devised and bequeathed to them by the testatrix.
 

 The fact that the parties have agreed to a somewhat similar trust, and the court has ordered that a contract of agreement shall be physically substituted for that portion of the will creating the testamentary trust, is not sufficient to disguise the fact that, since the whole estate of testatrix was devised and bequeathed to a named trustee in trust,
 
 *408
 
 the lower courts, iu an equitable action, have attempted without the intervention of a jury to actually and effectually set the will aside.
 

 Authorization by the court of the contract with reference to the settlement with the heirs at law can be justified upon the theory that, if they were to succeed in setting the will aside, they, as the only heirs at law, would inherit the estate,, and that, having instituted an action to accomplish that purpose, and the guardians having just grounds to fear that they might prevail in such action, it was the duty of the guardians of the grandchildren and of the testamentary trustee, in carrying out the intention of the testatrix, to preserve the trust and the trust estate to do that which the exigencies of the situation required, even to the extent of making immediate payment to them of a portion of. the corpus of the trust estate. But the conversion of the conditional, restricted testamentary estates of the several grandchildren into estates absolute, and the acceleration of the time of enjoyment of the income of their several estates, is not for the purpose of defeating or averting an attack upon their several estates, nor is it a consideration moving to any one who is attacking or threatening to attack, but moves to those who are interested in preserving, and are here striving to preserve, the estate, and for whose benefit the settlement with the heirs at law was proposed and authorized, and cannot be justified as a means of averting disaster to the trust.
 

 The grandchildren have no interest in the estate of the testatrix except such as has been conferred upon them by the will, and are therefore powerless to add to the aggregates of their estates anything
 
 *409
 
 which the testatrix has not conferred upon them; and the heirs at law are powerless to confer any additional title upon them without first securing such additional title in themselves. When, therefore, these heirs at law and beneficiaries under the will sat in conference, and, by the process of trading their several interests in the estate among themselves, emerged from such conference with a greater estate in the aggregate than was bestowed upon all of them by the will, they, metaphorically speaking, lifted themselves by their own boot straps. They gave to themselves that which the testatrix specifically withheld from them, and which by reason of the will had not been cast upon any of them by the law of descent. They were not content with releasing to each other a part of that which was theirs, but they gave to each other that which was no part of any of their portions.
 

 The jurisdiction of a court of equity in the premises, whether invoked by the guardians under the common law or under favor of the statute, was to determine the duty of the guardians to their wards under the circumstances alleged in the petition, and to decree performance of such duty, and to determine the duty imposed upon the trustee by the will, interpreted in the light of the same circumstances, and to decree performance of such duty; and the jurisdiction and power of the court in the premises was measured by such several duties.
 

 The allegation of the petition that one of the heirs at law charged the trustee with hostility toward her and her children, and that he has not interpreted the language of the will according to its plain, ordinary meaning, is not an allegation of the truth of
 
 *410
 
 such, charge; but, even if it were, and were sufficiently definite and certain to apprise the trustee and the court of the language which the trustee had misinterpreted, it would not be such a charge of misconduct as to warrant a removal of the trustee, but would only call for an interpretation of the language “charged” as misinterpreted.
 

 It was the privilege of the testatrix to select her own trustee, and the attitude of that trustee toward one or all the heirs at law, or toward one or all of the beneficiaries under the will, may or may not have impelled her selection of him; but, in view of the allegation that such attitude had existed for a period long prior to the death of the testatrix, and of the fact that she bestowed so small a portion of her estate upon her heirs at law, and' made specific provisions that no part of it should ever benefit a certain member of the family of one of the heirs at law, it may be possible that the selection of the trustee was made by the testatrix in part because of that' very attitude. At any rate, whatever reason impelled the testatrix in the selection of the trustee, and in imposing broad discretion in him, if sufficient to her, must be sufficient to every one else, including the court. The solicitude of the testatrix seemed to be for her grandchildren, rather than for her children or a later generation. The restrictions upon the several estates of the grandchildren manifestly were imposed for their benefit. The discretion imposed in the trustee was such as would be expected to stimulate in her beneficiaries honesty, industry, frugality, and good morals; and the selection by the testatrix of a trustee with such broad discretion necessarily involved a consideration by her of his
 
 *411
 
 personal characteristics. Her appointee, therefore, cannot and ought not to be removed without good cause.
 

 The judgment of the Court of Appeals, authorizing and directing the guardian to enter into the contract of settlement with the heirs at law upon the terms of the contract as to such heirs, will be affirmed; and, since such payments and settlements in trust will be made from the estate of the testatrix to them as heirs at law and not as beneficiaries under the will, and will be made in lieu of all their rights under the will, and will be wholly withdrawn from the testamentary trust, the appointment of the Central National Bank of Cleveland as trustee for so much of the fund as is to be settled in a trustee for their benefit under the contract will be affirmed. As to the balance of the testamentary estate, the judgment of removal of the trustee and the substitution of the contract of trust for the testamentary trust will be reversed.
 

 Judgment affirmed in part and reversed in part.
 

 Kjnkajde, Matthias, Day and Arlen, JJ., concur.
 

 Marshall, C. J., not participating.