## HOOD v GARRETT et

Ohio Appeals, 4th Dist, Highland Co

Decided Jan 24, 1936

Walter K. Sibbald, Cincinnati and John D. Grant, Cincinnati, for plaintiff in error.

Paxton & Seasongood, Cincinnati, for the Central Trust Company.

George L. Garrett, Hillsboro, for the executors.

## OPINION

By BLOSSER, J.

This is a proceeding in error to reverse the judgment of the Court of Common Pleas rendered in an action brought by George L. Garrett and Rebecca M. Holliday as executors of the estate of Thomas Mitchell, deceased, against Anna M. Hood, the Central Trust Company and other parties in interest, asking the court for an order construing the will of the decedent. The Central Trust Company was named as trustee of the residuum of the estate of the deceased. At the death of the testator he was the owner of 3,500 shares of the common stock of the Proctor & Gamble Company, 526 shares of the stock of the United States Playing Card Company, 100 shares of the stock of the United Fruit Company, 275 shares of the preferred stock of the Cincinnati Gas & Electric Company and 92 shares of the stock of the American Rolling Mill Company. Item two of the will provided:

"I bequeath to my nephew Lewis Garrison 100 Shares United Fruit Stock, 100 shares U. S. Playing Card Stock and 300 shares Proctor and Gamble common stock.

"To my niece Anna M. Hood 200 shares Proctor and Gamble common stock and 100 shares of U S. Playing Card stock.

"I bequeath to my niece Rebecca M. Holliday 100 shares Cincinnati Gas and Electric preferred, 1,000 shares Proctor and Gamble common stock and 92 shares American Rolling Mill stock."

After the death of Thomas Mitchell and before the delivery to each legatee of the number of shares of stock devised by the will there was paid to the executors in the way of dividends a certain amount of money on the shares of stock. The executors asked the direction of the Court of Common Pleas as to whether or not the dividends that came into their hands since the death of the testator and which were payable since the death of the testator on the number of shares bequeathed to the legatees under item two of the will, or any part of·the amount so received, should be paid to the legatees respectively or should go into the estate as part of the corpus and be disposed of according to the other provisions of the will, and who under the terms of the will were entitled to such dividends. The Central Trust Company as trustee of the residuum of the estate filed an answer and cross-petition asking that the dividends in question be paid to it for the purposes stated in the will. The defendant Anna M. Hood filed no pleading in the case. The Court of Common Pleas heard the case on the pleadings and agreed statement

of facts and held that the dividends in question were a part of the residuum of the estate and did not pass to the legatees. Anna M. Hood seeks a reversal of that judgment.

The Central Trust Company asserts that Anna M. Hood can not prosecute error proceedings for the reason that a default judgment was rendered against her and she did not first seek to have the judgment set aside by motion or otherwise in the trial court. This question is raised by a motion to dismiss the petition in error. There was no default judgment rendered in this case within the meaning of the General Code of Ohio which prohibits a defendant from prosecuting error. §11383, GC, provides when a default judgment may be taken but this is not a case coming within the meaning of that statute. This action was brought by the executors under favor of §10504-66, GC, and no other pleadings were required by any of the defendants. The petition raised all ▇▇▇▇▇ ▇ of the issues in the case. The statutes do not require pleadings on the part of the defendants unless some relief is sought by them other than the construction of the will. If a defendant file an answer and cross-petition in an action to construe a will and he desires no other relief it amounts to nothing more than an expression of his views and desires as to how the will should be construed and would have the same effect as a brief filed in his behalf. This view is supported by Bates' Pleading, Practice, Parties & Forms (4 Ed.), 2449, §2964. The record discloses that the case was heard in the court below on an agreed statement of facts and that to the judgment of the court the defendant Anna M. Hood then and there excepted. In no view of the case can it be said that a default judgment was rendered against her. The motion to dismiss the petition in error is overruled.

The plaintiff in error asserts that the judgment should be reversed because the trial court erred in holding that she was not entitled to the dividends paid to the executors on the stock bequeathed to her. She claims that the several bequests of corporate stock in item two of the will are specific and not general, and that the dividends paid thereon during the course of administration should pass to her. It seems to be conceded that if the bequest under this item is specific the judgment of the court should be in her favor but if the bequest is general the dividends should be a part of the residuary estate. Similar questions have been litigated many times and the cases on this subject outside of Ohio are legion. Counsel have been diligent and have reviewed a large number of cases supporting their views. We will not attempt to review all the authorities.

It is said in 2 Page on Wills (2 Ed.), 2325, §1398:

"In the absence of some specific provision of the will, a specific gift carries accessions and accretions after testator's death. A specific gift of stock carries all dividends declared after testator's death, even if earned before. * * *

"A general legacy other than a gift of testator's entire estate or a fraction or residue thereof does not carry interest, profits, and the like before it is due."

The rule is stated in 69 Corpus Juris, 1152, §2464, as follows:

"In the absence of directions to the contrary in the will, the beneficiaries have the same interest in the income, rents, and profits of the property given to them as they have in the property itself. * * * a general legacy ordinarily does not carry with it any accessions by way of dividends or interest accruing intermediate the testator's death and the time the legacy is payable; such income falls into the residuary estate, as does all income earned by the estate during the period of administration."

In determining whether or not the legacy is specific or general the language of the testator must be considered, not only as to item two but all of the language of the will, to ascertain his intention. The will does not specifically state who is entitled to the dividends and therefore recourse must be had to the general rules of construction for there is nothing in the language used in the will to indicate what the testator's intention might have been. At the time of the testator's death he owned a great deal more Procter and Gamble stock than he bequeathed to Anna M. Hood in item two of his will. There is nothing in the language used to indicate that the two hundred shares bequeathed were any particular two hundred shares or were in any way specifically pointed out, and the same may be said with reference to the one hundred shares of the United States Playing Card Company stock bequeathed in the same item of the will.

It is said in 28 Ruling Case Law, 289, §263:

"A specific legacy is a gift by will of a specific article, or a particular part of the testator's estate, which is identified and distinguished from all others of the same nature, and which can be satisfied only by the delivery and receipt of the particular thing given."

Sec 264, page 291, of the same work is as follows:

"A general legacy may be defined as one which is payable out of the general assets of a testator's estate, such as a gift of money or other thing in quantity, and not in an yway separated or distinguished from other things of like kind."

It is said in 4 Schouler on Wills, Executors and Administrators (6 Ed.), 2558, §3059:

"A mere bequest of stock is general, and a bequest of a stated number of shares of stock of a particular corporation, without any reference to the particular shares intended, is general."

There is nothing in the language used by the testator to indicate in particular the shares of stock bequeathed by this item of the will but the stock so given may be taken from the large amount of stock owned by the testator.

Other authorities supporting those cited are 41 Ohio Jurisprudence, 857; Nash, Exr. v Hamilton, 8 Oh Ap, 66; Baker v Baker, 319 Ill., 320, 150 NE, 284, 42 A.L.R., 1514; 40 Cyc., 1869; In re King, 106 N. Y. Supp., 1073, 122 N. Y. App. Div., 354; Will of Blomdahl, 216 Wis., 590, 257 NW, 153.

Under the authorities cited we are of the opinion that the dividends received by the executors are a part of the residuary estate.

We find no error in the record and the judgment is affirmde.

Judgment affirmed.

MIDDLETON, PJ, and McCURDY, concur.