Zimmerman, J.
The sole and precise question presented on this appeal is whether the plaintiff in a properly and timely initiated action to contest a will may dismiss the same before trial, over the protest of a defendant who is interested in having the will set aside.
A proceeding to contest a will is purely and exclusively statutory in Ohio. Mosier v. Harmon, 29 Ohio St., 220; Madden, Exr., v. Shallenberger, Gdn., 121 Ohio St., 401, 169 N. E., 450.
Section 2741.01, Revised Code, provides:
“A person interested in a will or codicil admitted to probate in the Probate Court, or Court of Common Pleas on appeal, may contest its validity by a civil action in the Court of Common Pleas of the county in which such probate was had. ’ ’
Section 2741.02, Revised Code, recites:
“All the devisees, legatees, and heirs of the testator, and other interested persons, including the executor or administrator, must be made parties to an action under Section 2741.01 of the Revised Code.”
And then Section 2741.04, Revised Code, reads:
“In an action under Section 2741.01 of the Revised Code, an issue must be made up, either by pleadings or an order on the journal, whether or not the writing produced is the last will or codicil of the testator, which issue shall be tried by a jury. * * *” (Emphasis supplied.)
In 57 American Jurisprudence, 56Ó, Section 834, the following statement is made:
“In some jurisdictions, the dismissal of a will contest is, under statute, governed by the same rules as apply to the dismissal of actions generally. On the other hand, there are a substantial number of cases which hold that neither the proponent nor the contestant has the right to suffer a nonsuit or dismiss *278 the proceedings after the issues have been made up, without prejudice to the commencement of another proceeding, unless his adversary consents thereto. Moreover, there are many cases in support of the rule that a will contest once properly instituted by a party in interest cannot be dismissed by the plaintiff so as to prevent an adjudication on the validity of the will, since the proceeding is in rem, and all persons interested, whether contestants or proponents, are entitled to have the formal and conclusive judgment of the court either confirming or rejecting the will.”
This court is unanimously of the opinion that the quoted part of Section 2741.04, Revised Code, means exactly what it says, and that once a will contest is properly commenced within six months of the probate of the will (Section 2741.09, Revised Code), in conformity with statutory requirements, and the issue is made up, resort to the offices of a jury, under appropriate instructions by the court, in sustaining or setting aside the will is mandatory.
Let it be understood, however, that by the above statement we do not mean that the court may not instruct a verdict sustaining the will, where the contestant fails to make a case, under the rule laid down in Hamden Lodge v. Ohio Fuel Gas Co., 127 Ohio St., 469, 189 N. E., 246. See Wagner v. Ziegler, 44 Ohio St., 59, 4 N. E., 705, and Irwin v. Jacques, 71 Ohio St., 395, 406, 73 N. E., 683, 686, 69 L. R. A., 422, 426. Compare Sears v. Sears, 77 Ohio St., 104, 82 N. E., 1067, 17 L. R. A. (N. S.), 353, 11 Ann. Cas., 1008.
There is good authority for our position. In the case of Walker v. Walker, 14 Ohio St., 157, 176, 82 Am. Dec., 474, 484, 485, Judge Brinkerhoff, writing the opinion, said:
“The court below decided the case and gave judgment upon demurrer to the answer; while the statute imperatively requires that ‘ an issue shall be made up, whether the writing produced be the last will of the testators or not, which shall be tried by a jury,’ etc. This provision of the statute is imperative in its terms, and we have reason to believe that it was deliberately enacted with a view to prevent a disposition of cases for the contest of wills upon the mere consent or acquiescence of parties in any form.” (Emphasis supplied.)
*279 Later in the case of Bradford v. Andrews, 20 Ohio St., 208, 220, 5 Am. Rep., 645, 647, Judge Welch, after referring to a will contest as substantially an action in rem, continued by expressing his own individual views in these forceful words:
“But, say the counsel for defendants in error, the plaintiff below dismissed his petition, after the expiration of the two years, and this put an end to the action, and left the matter standing as it would have stood had no petition ever been filed. When the jurisdiction of the court has once attached in such a case, 1 suppose it is not in the power of the petitioner to withdraw the action against the will of the other parties in interest. The status of the parties, as plaintiffs or defendants, is merely nominal. Those named as defendants have a right, equally with the nominal plaintiff, to insist upon a contest. Otherwise, there would be no safety to the defendants who happened to be identified in interest with the plaintiff, except in the commencement of separate similar actions, or the filing of a cross-petition by each.”
Compare, also, Wagner v. Ziegler, supra, and Dew v. Reid, 52 Ohio St., 519, 524, 40 N. E., 718, 719, wherein the case of Walker v. Walker, supra, is referred to with apparent approval.
Although it is true that a proceeding to contest a will is a “civil action” as provided in Section 2741.01, Bevised Code, and under Section 2323.05, Bevised Code, the ordinary civil action may be dismissed without prejudice to a future action by the plaintiff before its final submission to the jury or to the court, the sections of the Code governing will contests are special statutory enactments relating to that particular subject, and, since it is specifically provided in Section 2741.04, Bevised Code, that, after a commencement of an action to contest a will, an issue must be made up whether the writing produced is the last will of the testator, which issue shall be tried to a jury, such specific direction takes precedence over a general provision authorizing the plaintiff in the ordinary civil action to dismiss the same before submission to a jury or court.
A considerable number of courts have held that the person who initiates an action to contest a will may not afterwards withdraw or dismiss the proceeding, where there are other interested persons who want the will set aside and who have *280 properly been made parties to the action. Annotation, 173 A. L. R., 959.
By the weight of authority, agreements made by competent adults settling or compromising will contests are valid and enforceable and do not contravene public policy. Annotation, 42 A. L. R. (2d), 1319.
In Ohio it has been suggested that this may be done in a proper case. Madden, Exr., v. Shallenberger, Gdn., supra. However, where all the interested persons agree on a settlement in a will contest, it is still necessary, because of the express and unequivocal language of the statute, to impanel a jury for the hearing and determination of the cause. The common practice in such circumstances is to impanel and swear the jury, offer the will and the order of probate in evidence, which under Section 2741.05, Revised Code, are prima facie evidence of the attestation, execution and validity of the will, and then, where no further evidence is produced, have the court instruct the jury to return a verdict sustaining the will.
We think that, as long as Section 2741.04, Revised Code, remains in force, one who timely brings an action to contest a will may not thereafter dismiss the same and thus end the case, thereby precluding another party to the action who wants the will voided.
In reaching its decision the Court of Appeals herein relied on the case of State, ex rel. Cash, v. Rose, Judge, 136 Ohio St., 143, 24 N. E. (2d), 455, in which it was held that where both the plaintiff and the defendant to a divorce action request its dismissal, the trial court is under a mandatory duty to comply. We submit that a marked distinction exists between that case and the one at bar.
Accordingly, the judgment of the Court of Appeals is reversed and that of the Court of Common Pleas affirmed, with a remand of the cause to the Court of Common Pleas for further proceedings.

Judgment reversed.

Weygandt, C. J., Matthias, Hart, Stewart, Bell and Taet, JJ., concur.