ILES, Will of, In re.

Probate Court, Marion County.

No. 23124. Decided February 4, 1960.

*Messrs. Carhart & Stout*, for the executor.
*Mr. Milton S. Farber*, for Chester Palmer.

For further history see *Omnibus Index* in bound volume.

Ruzzo, J.   This matter is before the Court upon an application to construe Item II of the will of Ruie A. Iles, deceased, which item provides as follows:

"*Item II* I give and bequeath a life estate and the income from all of my property, both real, personal and mixed, where-

soever situated and of whatsoever description, to my beloved husband, Charles A. Iles, for and during his natural life, and upon his death I give, devise and bequeath, absolutely and in fee simple, all the rest, residue and remainder of my property, to my son, Chester Palmer, in trust, with directions and authority to my Executor, hereinafter named, to pay to my son from the income or principal of my estate, the sum of $75.00 per month; and if my son, Chester Palmer, is in need for medical or hospital expenses, of an additional sum of money each month, I direct my Executor, hereinafter named, to use such amount of the income or principal thereof as is necessary for my son's medical and hospital expenses, and after his death if there is any residue from my estate, I give, devise and bequeath all of my estate to my heirs and next of kin."

Charles A. Iles, the surviving spouse, elected to take against the will and thus accelerated the remainder interest. Thereafter, the executor filed a petition for construction of the will and determination of heirship. All parties in interest were made parties defendant and either waived notice or were served with summons and are properly before the court. Chester Palmer filed an answer seeking to have the trust provision declared void by reason of an attempted limitation upon a devise or bequest in fee simple. All remaining parties defendant failed to plead. At the time of hearing, counsel for Chester Palmer advanced the position that since all remaining parties were in default for answer or demurrer, he was entitled to judgment by default.

It has been held that in an action brought by executors asking for the construction of a will, the petition raises all the issues in the case, no other pleadings are required, and a default judgment cannot be rendered against a party in interest for failure to answer. *Hood* v. *Garrett et al.*, 53 Ohio App., 464; *Balduf, Ex.,* v. *Evans et al.*, 95 Ohio App., 292, 53 Ohio Opinions, 208. "The statutes do not require pleadings on the part of the defendants unless some relief is sought by them other than the construction of the will. If a defendant file an answer and cross-petition in an action to construe a will and he desires no other relief it amounts to nothing more than an expression of his views and desires as to how the will should

be construed, and would have the same effect as a brief filed in his behalf." *Hood* v. *Garrett, supra,* at p. 466-7. The fundamental duty of the court to ascertain and give effect to the intention expressed in the will, so long as such intention is consistent with law and public policy, precludes a judgment by default in a will construction case. The application of this principle is particularly significant where, as in the case at bar, the testatrix has attempted to create a spendthrift trust. See Page on Wills, Vol. 3, Sec. 1203, p. 544; Ibid, Vol. 4, Sec. 1760 at p. 954; *Madden* v. *Shallenberger,* 121 Ohio St., 401.

The next question for determination becomes the nature of the son's estate: is it a fee simple, or a trust estate in which he becomes the cestui que trust?

It has been held that a fee, once given, cannot be cut down by other provisions of the will; that a remainder cannot be engrafted upon a fee. Page on Wills, Vol. 3, Sec. 1113, p. 357 and Sec. 1123, p. 385. "A fee simple estate granted in plain and unequivocal language in one clause of a will cannot be lessened or cut down by a subsequent clause unless the language therein is as clear, plain and unequivocal as that in the first grant." 41 Ohio Jurisprudence, Sec. 624, at p. 738; *Collins* v. *Collins,* 40 Ohio St., 353; *Stark* v. *McErven,* 15 Ohio App., 188; *Gill* v. *Leach,* 81 Ohio App., 480, 37 Ohio Opinions, 311; *Borgmann* v. *Borgmann,* 16 Ohio App., 292; *Baker* v. *Alexander,* 24 Ohio App., 177; *Anderson* v. *Cary,* 36 Ohio St., 506; *Hull* v. *Chisholm,* 7 Ohio App., 346; *Widow's Home* v. *Lippardt,* 70 Ohio St., 261; *Heath* v. *Borst,* 13 Ohio App., 115; *Powell* v. *Layton,* 79 Ohio App., 279; *Snodgrass* v. *Brandenburg,* 164 Ind., 59; *Gamester* v. *Massey,* 158 N. E. 2nd, 808; *Zackman* v. *Dick,* 1 Ohio App., 36.

While the rule as advanced is undoubtedly good law, amply supported by the cases above cited, it is not controlling on the case at bar for the reason that the language creating the trust here is as clear, decisive, plain and unequivocal as that in the first grant. It was plainly the intention of the testatrix to create a spendthrift trust for the benefit of her son. Her intent being clear, it must prevail.

In the cases cited, the testator made a clear-cut grant and then in a subsequent clause, of doubtful meaning, attempted to

dispose of anything remaining after the death of the first devisee or legatee. In the case here under consideration, the testatrix, in one clear-cut, consistent clause makes known her intention to give her property to her son "in trust." She then goes on to spell out the precise terms of the trust. A trust provision after the devise of a fee does not violate the rule above cited when both the intention and the terms of the trust are so explicitly set forth. See *Barcus* v. *Howard*, 1 Ohio Law Abs., 52. The rule that a remainder limited upon an estate in fee simple is void is applied only where it clearly appears that the chief beneficiary is to get an absolute interest. *DeWolf* v. *Frazier*, 80 Ohio App., 150, 35 Ohio Opinions, 485, par. 6 of syllabus.

"When an instrument is open to two constructions, one of which will give effect to the whole instrument and the other will destroy part of it, the former must always be adopted." *Tax Commission* v. *Oswald*, 109 Ohio St., 36 at p. 48; 41 Ohio Jurisprudence, Sec. 626, p. 742.

"The cardinal rule of interpretation of a will is to ascertain and give effect to the intention of the testator, which has been variously declared to be the paramount rule, the primary guide, the sole guide, the guiding spirit, and the polar star." 41 Ohio Jurisprudence, Sec. 467, p. 590.

The trust provision being valid and enforceable, it next becomes necessary to decide when and in whom the remainder interest vests. The testatrix provided that after the death of her son "* * * if there is any residue from my estate, I give, devise and bequeath all of my estate to my heirs and next of kin." Normally, the term "heirs and next of kin" is construed to mean those persons who answer the description of testator's heirs under the statute of descent and distribution in force at the time of death, unless a contrary design on the part of the testator is plainly apparent. *Ohio National Bank* v. *Boone*, 139 Ohio St., 361; *Tiedtke* v. *Tiedtke*, 157 Ohio St., 554. In this particular case, the heirs and next of kin of the testatrix at the time of her death were the husband and son. It appears unlikely that she meant them to receive both the life estates and the remainder interests. It is also important to note that at the time of her death her son was 62 years of age and unmarried.

While it is, of course, still possible for him to leave adopted or natural children at the time of his death, it is unlikely that the testatrix had any such issue in mind when she employed the term "my heirs and next of kin." The legal maxim that "no one is an heir to the living" (Nemo est haeres viventis) would appear to be applicable to this situation.

A will must be construed as a consistent whole. 41 Ohio Jurisprudence, Sec. 469, p. 600. The contrary design is thus apparent and leads to the conclusion that by use of the term "my heirs and next of kin," the testatrix referred to her collateral heirs. She probably did not intend to give the ordinary meaning to the words "my heirs and next of kin." *Tiedtke* v. *Tiedtke, supra.*

The final question then is the time of vesting of the remainder in her collateral heirs. "The law favors the vesting of estates at the earliest possible moment, and it is well settled in Ohio that a remainder after a life estate vests in the remaindermen at the death of the testator, unless an intention to postpone the vesting to some future time is clearly expressed in the will." *Ohio National Bank* v. *Boone, supra,* at p. 365.

The criterion of a vested remainder is a present capacity to take. So, when there is a person in being who would have the right to possession immediately upon the termination of the intervening estate, the remainder is vested. The enjoyment thereof is merely postponed for the benefit of the intervening estate. *Bolton* v. *Bank,* 50 Ohio St., 290; *Tax Commission* v. *Oswald,* 109 Ohio St., 36; *Bank* v. *Boone, supra.*

Applying these principles to the facts presented in the case at bar, we find collateral heirs with present capacity to take, and under the rule stated, the remainder vested in them as of the date of death of the testatrix.

In summation, then, the Court is of the opinion that:

1. The trust provision is valid and enforceable.

2. Any corpus remaining at the termination of the trust vests in the collateral heirs of the testatrix, determined as of the date of her death.

An entry may be drawn accordingly by counsel for the executor, setting forth in detail the specific fractional interests of the respective remaindermen.