## ROBRAHAM ET AL. *v.* GREGG ET AL.

*Wills—Devise over void, when—Evidence—Testimony of secondary devisees inadmissible, when.*

Where land is devised generally by G. to H., without qualification or condition except the proviso that in the event H. does not sell said land during his lifetime or make disposition thereof in his last will, the said land shall go to and become the property of persons named, the devise over is void, and in an action to set aside the will of H. it is not error to sustain an objection to testimony of the said secondary devisees on the ground that they are not persons having an interest in the will of H.

(Decided March 26, 1913.)

ERROR: Court of Appeals for Licking county.

POWELL, J.; SHIELDS, J., concurring; VOORHEES, J., not sitting.

The plaintiffs in error, Laura Robraham, Sloan Campbell, Margery Johnston, Erma Crawford, Margaret A. Hill and Lois B. Ingalls, file a petition in error in this court by which they seek to reverse the judgment of the court of common pleas in an action brought in that court to set aside the will of one Ensley Finney Haas, deceased.

These plaintiffs in error were, by leave of the court, made parties defendant to a proceeding brought by the heirs at law of the said Ensley Finney Haas, deceased, to set aside what purported to be his last will and testament, which had been admitted to probate and record in the probate court of Licking county before that time.

By the will of Martha Goff, who was a sister of the said decedent, Ensley Finney Haas, he became the owner of the east half of a tract of land con-

sisting of 135 acres, more or less, in Licking county, and which was described in the will of said Martha Goff, deceased. The plaintiffs in error claim to be the owners of this tract of land, which was devised by the said Martha Goff to Ensley Finney Haas, by virtue of the provisions of her will, in the event that the said Ensley Finney Haas did not sell or otherwise dispose of said real estate during his lifetime or by his last will and testament.

By item 2 of the will of said Martha Goff an estate in fee simple was devised to the said Ensley Finney Haas. It was further provided in said item 2 of said will "that in the event that said Ensley Finney Haas does not sell or otherwise dispose of said east half during his life, or by his last will and testament, said east half of said property"—the said 135 acres—"shall go to and be the property absolutely of Margaret A. Hill, Margery Johnston, Eliza Dunlap, Addie Dunlap, Lois B. Ingalls, Laura Robraham, Sloan Campbell, Erma Crawford and Harriett Hughes; that is, that said property shall be owned by said named persons, or those of the same who are living at the time of my said brother's death."

The plaintiffs in error claim that because of incapacity and undue influence the paper-writing, which was admitted to probate and record as the last will and testament of the said Ensley Finney Haas, was not his will; and on the trial of said cause in the court of common pleas they endeavored to show by testimony that the same was not his will; that he was without capacity to make a will at the time when said purported will was executed, and that, by reason of undue influence on the part

of the defendants, such paper-writing was not his will; that they being named as secondary devisees of said real estate in the will of Martha Goff in the event that said Haas did not dispose of the same, became the owners of said real estate upon his death; and they seek a decree of the court setting aside said will.

Their right to offer testimony on the trial of said cause was objected to on the part of the various devisees named in the will of said Ensley Finney Haas, on the ground that these secondary devisees, now plaintiffs in error, had no interest in the estate of the said Ensley Finney Haas, deceased, and that the devise over in the second item of the will of Martha Goff was void; that they were strangers to his estate and without authority to contest the validity of his will.

Their right to maintain said action depends upon the construction to be given to the second item of the will of said Martha Goff. There is no dispute among counsel or claim that the second item of the will of Martha Goff does not give an absolute estate in fee simple to the land described in said item to said Ensley Finney Haas; and it is not claimed but that by the terms of said will he had full power of disposition and could sell and convey or could devise by last will and testament the land so devised to him; and only in the event that he failed to exercise his power to convey by deed or by will could the plaintiffs in error become seized of any interest in said lands.

A large number of authorities have been cited as to the proper construction to be given to this item of the will of Martha Goff. If plaintiffs have any

interest whatever under said will they were entitled, by reason of such interest, to contest the validity of the will of said Ensley Finney Haas and to have the same set aside in case a proper showing for that purpose had been made. If they do not take any interest under the will of Martha Goff, then the action of the court below, in refusing to hear testimony offered by them, was correct.

Upon an examination of all the authorities cited by counsel for both plaintiffs in error and defendants in error the court has arrived at the conclusion that the plaintiffs in error have no interest in said lands derived through the will of the said Martha Goff, deceased; that the title to said lands passed by said will absolutely and in fee simple to the said Ensley Finney Haas, and that the devise over, in the event that he died without having disposed of said real estate by deed or will, is void.

It is said to be a general rule that when an estate is given to a person generally, with a power of disposition, it carries with it the fee; and the only exception to the rule is when the testator gives to the first taker an estate for life only by certain and express words and annexes to it a power of disposition. There can be no question that the estate conveyed by the second item of the will of Martha Goff to the said Ensley Finney Haas was an absolute estate in fee simple, with full power of disposition, and that the limitation over, in case he did not dispose of it by will or otherwise in his lifetime, is void. *Finley Brewing Co.* v. *Dick et al.,* 13 O. D. 581, the syllabus of which case is: "If real estate is devised to A generally, without any qualification or condition, but with a proviso that in case of his

death without will, the property shall go to B, the limitation over is void, and A takes the entire estate in fee simple, unaffected by the proviso." This case was affirmed by the circuit court of Lucas county without opinion.

We think this rule of law is controlling in the case at bar; that the provision in the will of the said Martha Goff, deceased, under which the plaintiffs in error claim title, is void and of no effect; and that because said plaintiffs in error have no interest or title in and to the estate of the said Ensley Finney Haas except under this void provision, they are without right or authority to contest his will. The persons who are authorized by statute to maintain a contest of the will of any deceased person are named and specified in Section 12079 of the General Code. The supreme court, in construing Section 5858 and Section 5859 of the Revised Statutes, say:

"Any person who has such a direct, immediate and legally ascertained pecuniary interest in the devolution of the testator's estate as would be impaired or defeated by the probate of the will, or be benefited by setting aside the will, is 'a person interested' " (and only "a person interested" can maintain a suit to set aside a will). *Bloor* v. *Platt et al.,* 78 Ohio St., 46.

It follows that the judgment of the court of common pleas in refusing to permit plaintiffs in error to introduce testimony because of their want of interest in the estate of the said decedent, was correct and that the judgment of said court should be affirmed.

*Judgment affirmed.*

*Mr. Carl Norpell* and *Messrs. Kile & Kirkpatrick,* for plaintiffs in error.

*Messrs. Fitzgibbon & Montgomery,* for defendants in error.