Chittenden, J.
The same question is involved in these two actions. They were argued together and will be disposed of together.
The actions were brought by George William Chisholm to recover possession of specific real estate, the title to which is determined by a construction of the will of Sarah Hutchinson. Sarah Hutchinson died on October 23, 1895, leaving a last will and testament which was duly probated. The will reads as follows:
“In the name of the benevolent father of all:—
“I, Sarah Hutchinson, of the City of Mount Vernon, Ohio, do make and publish this my last will and testament, viz.:
“Item 1st. I will that all my just debts and funeral expenses be first fully paid; and if I have *347 not erected a monument for my late husband and myself I direct that such monument be erected at a cost not to exceed the sum of two hundred and fifty ■dollars.
“Item 2nd. I will and bequeath to Alice V. Hutchinson of the City of Mount Vernon all the property of which I may die seized or possessed, both real and personal, to her and her heirs and assigns forever, subject to payment of the debts, expenses and cost of monument mentioned in Item 1 above.
“Item 3rd. I will and direct that in case of the death of the said Alice V. Hutchinson without leaving any child or children that whatever may remain of the property willed to her in the 2nd item of this will shall be equally divided between my nephews George B. Stahl of Mount Vernon, Ohio, and Oscar-S. Blaney of Marshalltown, Iowa, and in case of the death of the said Oscar S. before the said Alice V. Hutchinson then the share of said Oscar S. in said residue shall go to the said George B. Stahl.
“In witness whereof I have hereunto set my hand and seal this 22nd day of July, A. D. 1882.
“Sarah Hutchinson.
“Signed, sealed and acknowledged by the said - Sarah Hutchinson as her last will and testament in our presence and signed by us in her presence and in the presence of each other and at her request. •
“Wm: McClelland,
“W. C. Culbertson.”
Alice V. Hutchinson was the daughter of a servant of Mr. and Mrs. Hutchinson and lived with *348 them from the time of her birth. She took the name of Hutchinson and was never known by any other name until her marriage. After the death of Sarah Hutchinson, Alice V. Hutchinson was in possession of the real estate in question until the 6th day of June, 1904, when she sold and conveyed the property to one Banner Allen, from whom the title passed through other parties to the defendants in these actions. Alice Y. Hutchinson had no child or children, and died on the 15th day of April, 1915, without leaving any property of any kind or nature.
It is the contention of the plaintiff that Alice V. Hutchinson took only a life estate in the property that remained after the payment of the debts and funeral expenses of Sarah Hutchinson and the erection of the monument provided for by the will.
The defendants contend that Alice V. Hutchinson took a title in fee simple, and that the devise of what remained of the property at the death of Alice V. Hutchinson, to the nephews of Sarah Hutchinson, is void.
The case has been skillfully argued both orally and by brief. The questions involved are so manifestly controlled by judicial decisions in this state that we think it unnecessary in an opinion in this case to discuss the cases and the opinions cited.
We hold that Alice Y. Hutchinson took a title in fee simple and that the defendants hold the property by a valid title," upon authority of The Widows' Home v. Lippardt, 70 Ohio St., 261; Tracy et al. v. Blee et al., 22 C. C., N. S., 33, and Steuer v. Steuer et al., 8 C. C., N. S., 71. We *349 also call attention to the statement-of the law as found in 40 Cyc., 1587.
The judgment of the court of common pleas in each case will be reversed; and, inasmuch as the title to the property depends upon the construction of the will, and a remanding of the case for new trial could result in- nothing other than a decree in favor of the defendants, this court will proceed to enter the decree that should have been entered by the common pleas court, dismissing the petition of the plaintiff in each case, at his costs, and quieting the title of the defendants in the property in question.
Judgments reversed, and judgment for plaintiffsv in error.
Kinkade and Richards, JJ., concur.
Judges of the Sixth Appellate District, sitting in place of Judges Shields, Powell and Houck of the Fifth Appellate District.