## WATKINS v. PRICE ET AL.

*Wills—Construction—Devise of absolute estate—Not lessened by later language, when.*

An absolute estate conveyed by an item in a will in clear and unequivocal language cannot be cut down or limited by a subsequent clause in the same item in words which are not as clear and decisive as those in the clause conveying the estate.

(Decided November 28, 1921.)

APPEAL: Court of Appeals for Warren county.

*Mr. William McDonald,* for plaintiff.
*Mr. Albert Anderson,* for defendants.

BUCHWALTER, J. This is an action brought to construe the will of Adarine Watkins, deceased.

The principal clause in question is as follows:

Item Second. "I give, devise and bequeth to my beloved husband Benjamin Watkins, all my property, be it real, personal or mixed.

"In case there is any property left at the death of my husband, Benjamin Watkins, it is my desire that it shall go to my sister Emma Price, should she be dead, then to my brother Bert Price, if neither be living at the death of my said husband, then I desire that my said estate at the death of my husband go to Carrie Husey, a relation of my father, now living in Summerville, Ohio, if she be dead, then to my niece Adarine Watkins."

The first part of the second item, if standing alone, devises a fee simple title in the real estate, and bequeaths all personalty to Benjamin Watkins. The

language is clear and unequivocal. The second portion of that item does not, in as clear terms, take away or limit the devise and bequest to Benjamin Watkins. In *Collins* v. *Collins*, 40 Ohio St., 353, at page 364, the court quotes from *Thornhill* v. *Hull*, 2 Clark & Finn, 22, as follows:

"It is a rule of the courts, in construing written instruments, that when an interest is given or an estate conveyed in one clause of the instrument in clear and decisive terms, such interest or estate cannot be taken away or cut down by raising a doubt upon the extent and meaning and application of a subsequent clause, nor by inference therefrom, nor by any subsequent words that are not as clear and decisive as the words of the clause giving the interest or estate."

See also Page on Wills, Section 574:

"Language which cuts down an estate in fee to a less estate must be as clear and decisive as the words by which the estate in fee was given in the first instance."

Our view of the language used in this will is that the term, "it is my desire," is merely precatory. No limitation is placed on the devise and bequest already made.

A case very similar to the one before us is that of *Steuer* v. *Steuer*, 8 C. C. (N. S.), 71, wherein the syllabus holds:

"Under a will containing a devise to A generally, with no power of disposal expressed, but followed by a devise to B of what shall remain undisposed of at A's death, A takes an estate in fee simple and the attempted limitation over is void."

By the language used in the will before us, Benjamin Watkins acquired a title in fee simple to the

real estate, and full title to the personal property, of the testatrix, subject, of course, to the payment of debts provided for in Item One.

*Decree accordingly.*

HAMILTON, P. J., and CUSHING, J., concur.