(Attorneys not given.)

No. 604
McCORMACK v. ROSENKEIMER
Ohio Appeals, 8th Dist., Cuyahoga County
No. 5075. Decided May 16, 1924

1231. VENUE—6308 GC., which fixes the venue for injuries and damages by automobiles, is remedial and should be liberally construed.

2. Under 6308 GC. the venue is the same where car is operated by agent or principal.

Middleton, P. J., Mauck and Sayre, JJ., sitting.

MAUCK, J.                    Epitomized Opinion
Published Only in Ohio Law Abstract

This was an action to recover damages to an automobile growing out of a collision between McCormack's car and a car owned by one Rosenkeimer. The petition recited that McCormack, the plaintiff, was a resident of Cuyahoga County and that the defendant, Rosenkeimer, was a resident of Lake County, and that the collision occurred in Lake County. The petition further alleged that the negligent acts charged were the "acts of said defendant's agents and servants, etc."

Summons was issued from Cuyahoga County to the sheriff of Lake County. The defendant moved to quash the service on the ground that the court had not acquired jurisdiction of the person of the defendant, presumably upon the theory that 6308 GC. only applies to damages or injuries caused by the owner. 6308 GC. read in part: "Actions for injuries . . . may be brought by the person injured against such owner in the county where such injured person resides." In reversing the judgment of the lower court, the Court of Appeals held:

1. Sec. 6308 GC. is a remedial act and need not be strictly construed.

2. Sec. 6308 GC. covers all "cases caused by the negligence of the owner of a motor vehicle" and the negligence of the owner's agent duly authorized in the premises is as much the owner's negligence as though he personally performed the act complained of.

Attorneys—John F. Wilson and Harold F. Gorman, for McCormack; Dustin McKeehan, Merrick, Arter & Stewart and T. J. Perkins, for Rosenkeimer; all of Cleveland.

No. 605
HAMILTON, Exectr., v. STUART et al
Ohio Appeals, 8th Dist., Cuyahoga County
No. 5375. Decided March 24, 1924

1271. WILLS—If language in a will is doubtful as to the extent of the estate devised and courts will tend to construe it in favor of a devise in fee simple.

LEVINE, J.                    Epitomized Opinion
Published Only in Ohio Law Abstract

Original action in the Common Pleas brought by Walter J. Hamilton, executor of the estate of Elizabeth Thompson Stuart, to obtain a construction of the second paragraph of the will, which was as follows:

"After all my just debts are paid, I give and bequeath all of my property, whether real or personal, to my husband, James William Stuart, and after he is done with same, all property whether real or personal to be divided equally among our children."

The question was what interest the husband and the children took respectively in the real estate and personalty thus disposed of. The case came on appeal to the Court of Appeals, which held:

It appears that during the life time of the deceased, her husband acquired six dwelling houses, four of which were held in his wife's name for convenience, and that he used them as if they were his own. Considering the circumstances, it seems that the intent of the testatrix must have been to convey him to go on as he did before she died. By 1102 GC., every devise of lands shall convey all of the estate of the devisor which he could lawfully devise, unless it clearly appears by the will that the devisor intended to convey a less estate.

It is a settled rule that where the language of a will introduces a doubt as to the kind of estate devised by the will, the doubt will be resolved in favor of a fee simple. From the language of a will, it does not clearly appear that the devisor intended to convey a less estate than that of fee simple to the husband. This court holds that the testatrix intended to devise to the husband all of her real estate in fee simple, and to bequeath all of her personal property absolutely.

Attorneys—W. J. Hamilton, for Hamilton; H. H. Henry, for Stuart et; both of Cleveland.