No. 494

PEALER, Admr. v. CRUIT, et al.

Ohio Appeals, 2nd Dist., Franklin Co.

No. 1300. Decided March 28, 1925

1271. WILLS—Where one clause in devises fee simple estate, and another provides for remainder implying a life estate the first clause, granting a fee is valid and the second is void, for where there is a fee, there is no remainder.

ALLREAD, J.

The original action was brought to secure a construction of the last will and testament of Gilbert Cruit, in the Franklin Common Pleas. The second item of the will, in substance recited: "I give devise and bequeath to my wife, Sarah Cruit, all the rest, residue and remainder of my estate both real and personal, to have and to hold to her . . . and her heirs and assigns forever."

This was followed by a third item which provided that after the death of Sarah Cruit, all that remained was to be divided share and share alike, between two daughters and a grandchild. The lower court in construing the will, based its judgment upon the theory that the third item cut down the fee granted in the second item, to a life estate. Under this construction, the daughters and grandchild took title after the death of Sarah Cruit. Pealer, the administrator prosecuted error to the Court of Appeals, and that court held:

1. The second item by broad and conclusive terms gave a fee to Sarah Cruit, as the third item clearly gave to the daughters, an interest in the remainder.

2. Under these circumstances, the only method of reconciliation is to hold the clause granting a fee simple to Sarah Cruit, valid;

and the devise in the third item void, for the reason that the second item conveys the entire estate and there is no remainder. Home v. Lippard 70 OS. 261 cited. Judgment reversed and cause remanded.

Attorneys—James A. Allen for Pealer; Randolph Walton for Steele; Vorys, Sater, Seymour & Pease for Virgile Cruit; all of Columbus.