TRUMBULL v. STENTZ et.

Ohio Appeals, 6th Dist., Huron Co.

No. 242. Decided Apr. 26, 1928.

**First Publication of This Opinion.**

Syllabus by Editorial Staff.

**1271. WILLS AND LEGACIES—997. Real Estate—362a. Decedents' Estates.**
1. Where will bequeaths or devises property absolutely and in fee simple, and then, by subsequent provision, attempts to engraft remainder upon fee, so-called remainder is void and of no effect.
2. Words of inheritance not necessary to passing of estate in fee simple by will.

Error to Common Pleas.

Judgment affirmed.

Benjamin F. James and Geo. A. Cheney, Bowling Green, for Trumbull.

A. M. Beattie, Norwalk, for Stentz, et.

**FULL TEXT.**

WILLIAMS, J.

Plaintiff below, David D. Trumbull, filed his petition against the defendants Maud N.

Stentz, Homer Fletcher, Frances N. Fletcher and The Citizens Banking Company of Sandusky, Ohio. The plaintiff sought to have title to certain property described in the petition quieted and partition thereof made. The defendants, Homer Fletcher and Frances H. Fletcher, demurred to the petition upon the ground that it did not state facts sufficient to constitute a cause of action. The court below sustained the demurrer and the plaintiff not desiring to plead further, final judgment was entered in favor of the defendants. This proceeding in error is brought for a reversal of that judgment.

It appears from the allegations of the petition that Cornelius J. Harsen died leaving a last will and testament, which was duly probated in the probate court of this county, and which contained the following clause:

"I give, devise and bequeath to my beloved wife, Almira Harsen, all my real and personal property belonging to me. It is my request that the property left at the decease (d) of my beloved wife be equally divided between David P. Trumbull and Maud M. Stentz."

Almira, the widow of Cornelius L. Harsen, died intestate June, 1927. Almira Harsen, the widow, by deed dated October 3, 1923, conveyed to the defendant, Homer Fletcher, the premises described in the petition. The plaintiff claims no right, title or interest in the premises described in the petition except under and by virtue of the clause in the last will and testament above quoted. If the plaintiff takes no estate or interest under and by virtue thereof, he can not maintain his action, because he does not aver that he has any estate or interest as heir-at-law or otherwise than under and by virtue of the fact that he is a legatee and devisee under the will. It has many times been held in Ohio that where a last will and testament in its terms bequeaths or devises property to one person absolutely and in fee simple, and then by a subsequent provision in the will attempts to engraft a remainder upon the fee, the so-called remainder is void and of no effect and the first taker will take the property absolutely and in fee simple.

Budd v. Klsies, 28 Court of Appeals Opinions, Sixth District, unreported, p. 214; Hull v. Chisholm, 7 Ohio App., 346; The Widows' Home v. Lippardt, 70 Ohio St., 261; Steuer v. Steuer, 8 C. C., N. S., 71; Tracy v. Blee, 22 C. C., N. S., 33; Peeler, Admr., v. Cruit, Court of Appeals of Franklin County, Ohio, Law Abstract, Vol. 3, p. 325; Carpenter v. Carpenter, 24 Court of Appeals Opinions, Sixth District, unreported, p. 238.

Words of inheritance are not necessary to the passing of an estate in fee simple by will. By the terms of the will Almira Harsen took an estate absolute and in fee simple. Counsel for defendant in error contend that the language following the devise to Almira Harsen was predatory in form. Even so, the whole estate having been given to Almira Harsen, the subsequent language employed was wholly ineffectual to confer any estate or interest upon the plaintiff and the defendant, Maud N. Stentz.

The demurrer was properly sustained and the judgment will be affirmed.
(Richards and Lloyd, JJ., concur.)