ERNST v ERNST et

Ohio Appeals, 6th Dist, Erie Co

No. 294. Decided July 8, 1929

J. F. McCrystal & A. F. Weichel, both of Sandusky, for plaintiff.

King, Ramsey & Flynn, Sandusky, for defendant.

WILLIAMS, J.

Under the decisions in Ohio the testator, by this language, attempted to engraft a remainder upon a fee, and the remainder over is void.

**Trumbull vs. Stentz, 164 NE., 57; Budd vs. Klaiss, 28 Court of Appeals Opinions, 6th District, unreported, p. 214; Hull vs. Chisholm, 7 Ohio App., 346; Widows Home vs. Hippardt, 70 Ohio St., 261; Steur vs. Steur, 8 C. C. N. S., 71; Tracey vs. Blee, 22 C. C. N. S., 33; Peeler, Admr. vs. Cruit, Vol. 3 Law Abstract, p. 325; Carpenter vs. Carpenter, 24 Court of Appeals Opinions, 6th District, unreported, p. 238.**

Philepina Ernst therefore took the real estate as devisee, absolutely and in fee simple. Perhaps it is not of great consequence in determining this case whether Philepina Ernst was owner of a life estate in the premises in question or owned it absolutely in fee simple, for in either event the plaintiff would take the same interest in the real estate, whether under the will of Conrad Ernst, deceased, or as heir at law of Philepina Ernst. It does make a difference, however, in interpreting the contract of release executed and delivered by Conrad Enrst and Barbara Ernst to Philepina Ernst on October 13, 1908, and a power of attorney executed contemporaneously with the deed of May 8, 1918. The contract of release provided that in consideration of the sum of $350.00 to be paid on or before February 1, 1909, by Philepina Ernst, Barbara Ernst and the plaintiff agreed to release, assign and quitclaim all right, title and interest in and to the estate of Conrad Ernst, deceased, to Philepina Ernst, and the so-called power of attorney makes reference to the provisions of this contract of release. By this contract of release the plaintiff did not agree to release any interest he might have in the estate of his grandmother, Philepina Ernst. The power of attorney referred to has no bearing on the real estate and affects the personal property only.

With reference to the quitclaim deed in question, the testimony of the witnesses as to what happened at the time of its execution is contradictory. The plaintiff Barbara Ernst, the defendant Henry Ernst and an attorney for the defendants, Henry Schoepfle, who is now deceased, were the only persons present. The plaintiff and Barbara Ernst testify that the deed was executed and delivered upon the understanding, agreement and condition that the plaintiff was to get his father's share and that this was agreed to by the attorney Schoepfle. This testimony is contradicted by Henry Ernst, who says that the deed was made to carry out the contract of release above referred to and that it was the wish of Conrad Ernst, deceased.

The remarkable thing about this transaction is that the plaintiff never received one penny for his interest in the estate which amounted to from $30,000 to $40,000. Truly, if defendant's contention is well founded, the plaintiff sold his birthright for a mess of pottage and then to cap the climax he did not get the pottage, for even the one dollar which was named as a monetary consideration in the quitclaim deed was paid to his mother. It is true that after the death of Theodore Ernst, his widow, Barbara Ernst, was given a deed for the premises, then valued at $1,500, in which they had lived since 1889, and it is also true that in connection with the release agreement she had received from Philepina Ernst $300 or $350. But the vital fact is that the plaintiff was not a party to these transactions.

We are compelled to the conclusion that the deed in question was given to the other heirs with the express understanding that it was done to avoid trouble in setting up the estate and that the plaintiff should receive his father's share of the estate. Of the property conveyed by the quitclaim deed, two parcels have been sold, for which a consideration of $9,800.00 was received. The plaintiff is not entitled to relief in having the deed set aside, but a judgment and decree will be entered requiring the defendants to account for plaintiff's proportionate share of the $9800.00 received for the real estate sold and interest thereon, and finding that the defendants hold the remainder of said real estate subject to the agreement and understanding upon which it was conveyed to them. The defendants will also be required to account to plaintiff for his proportionate share of rentals received from the real estate. The remaining real estate should be sold by order of court and the proceeds thereof accounted for.

In accordance with the practice of this court in cases of this character this cause is remanded to the court of common pleas for sale of real estate and for an accounting .

Lloyd and Richards, JJ., concur.