## JAHNKE v JAHNKE et

Ohio Appeals, 8th Dist, Cuyahoga Co
No. 11161. Decided May 25, 1931

MAUCK, PJ, BLOSSER and MIDDLETON, JJ, (4th Dist), sitting.

Bernsteen & Bernsteen, C. Luckay and David Ferris, Cleveland, for plaintiff.

Boer, Tobias & Arnold, Cleveland, for defendant.

598

BLOSSER, J.

"If the terms of the will can be determined by the rules of legal construction then a parol evidence can be of little value. It is elementary that the will is to be construed so as to ascertain, if possible, the intention of the testatrix. The purpose of making a will is to express the intention of a testator and the object of construing it is to ascertain that intention, yet this must be gathered from the words used. The inquiry is, not what thought did he wish to express but what thought he has expressed."

Under item one of the will, testatrix said "all my property shall **belong** to my daughter, Emma Jahnke." This in clear terms gave the daughter a fee simple.

It is urged that the other provisions of the will limit the estate to a life estate, providing that at the death of the testatrix's husband and daughter Emma, the property shall be divided among the other children. The adoption of this construction presents a number of difficulties. Under the terms of the will, the property is to be divided after the death of the father and Emma Jahnke. As has been pointed out, the fee given in item one to Emma would be limited to a life estate to Emma Jahnke and John Jahnke or the survivor of them.

What interest would John Jahnke have taken after the death of Emma Jahnke, had he survived her, and had he remarried or forfeited his right to a home by reason of his keeping intoxicating beverages in the home? It is evident from the terms of the will itself, aside from the parol evidence, that the testatrix intended to give to Emma Jahnke more than a life estate and a greater interest in the property than she gave to her husband. In other words, while the title in fee simple is clearly expressed the language used to qualify that language is

not clear.

In the case of **Trumbull v Stentz et al, 30 Oh Ap 34** it is held:

"1. Where a will bequeaths or devises property to persons absolutely and in fee simple and then by subsequent provision attempts to engraft remainder upon a fee, so-called remainder is void; the first taker will take the property in fee simple."

2. * * * *

3. Under will devising to wife all property belonging to testator and reciting testator's request that property left at decease of wife shall be left equally to others, wife took the property absolutely and in fee simple and provisions for subsequent division of property was ineffective."

To the same effect is the case of **Hull v Chisholm, 7 Oh Ap 346; Widows' Home v Lippardt, 70 Oh St 261.**

Other cases might be cited to show that the above rule is recognized in Ohio.

Under this construction, Emma Jahnke took a fee simple to the real property in question, and she is entitled to have her title quieted against the claims of defendants in conformity to the prayer of the petition, and a decree may be entered accordingly.

MAUCK, PJ and MIDDLETON, J, concur.