**POWELL, JR., Plaintiff-Appellant, v. LAYTON, Defendant-Appellee.**

Ohio Appeals, Second District, Franklin County.

No. 3892—Decided June 27, 1946.

E. W. Dillon, Columbus, for Plaintiff-Appellant.
Joseph W. Horner, Columbus, for Defendant-Appellee.

## OPINION

By MILLER, J.

This is an appeal on questions of law from the Probate Court of Franklin County, Ohio.

The action was one brought to construe the will of Harry T. Powell, who died in 1919 and whose estate was duly administered. The principal clauses in question are as follows:

"ITEM II. I give and devise all of my property, real, personal and mixed wheresoever located to Adelia Powell, her heirs and assigns forever."

This item was immediately followed by the third item which, after naming his wife as executor, provided as follows:

"ITEM III. It is my wish that if at the death of my wife, our son, Harry T. Powell, Jr., be living all our property go to him."

All the real property of the testator was transferred in fee simple by order of the Probate Court in 1921 to Adelia Powell, and at the time of her death in 1944 she still owned all of this real estate. Adelia Powell married Edward Layton, February 6, 1923, and left a will in which she gave her surviving husband a life estate in one-half of the income from certain property acquired after the death of Harry T. Powell,

and bequeathed all the rest and residue of her property to her son, Harry T. Powell, Jr., the plaintiff-appellant herein.

So far as the pleadings are concerned the only allegations in the petition which are denied by the defendant-appellee are contained in the last paragraph of the petition with respect to the manner in which Adelia Powell Layton considered and treated all the property of which she became seized and possessed through the will of her husband and as to certain statements made by Mrs. Layton with respect to this real estate.

Evidence was offered in the trial court as to the manner in which Mrs. Layton interpreted the will of her husband. There is no dispute regarding the fact that Mrs. Layton never disposed of or attempted to dispose of any of the various parts of the real estate of which she became possessed through the will of her husband.

Evidence was also offered by the plaintiff-appellant of Susie Mitchell, a tenant of Mrs. Layton during her lifetime, who testified that in 1942 Mr. Layton came to collect the rent for his wife who was ill at the time, and said to her in the presence of her sister, Carrie Dyer, in substance, "If anything happens to my wife, I won't collect the rent any more, because all the property goes to Harry Powell, because Harry Powell's father left it to him in his will. I will be out of doors myself." An objection was raised to all the testimony offered bearing upon these declarations of Mrs. Layton and the manner in which she treated the property devised to her, and also to the testimony of Susie Mitchell, the tenant of Mrs. Layton. The objection to this testimony was sustained by the trial court and it is this ruling which gives rise to specification of error No. 1, which is as follows:

"The Court below erred in rejecting testimony offered by plaintiff-appellant bearing upon the declarations of the devisee, Adelia Powell Layton, and also in rejecting testimony concerning the actions of the devisee, Adelia Powell Layton, as bearing upon her understanding of the quantum of her devise."

The trial Court ruled inadmissible practically all the testimony of the witnesses contained in the bill of exceptions, upon the ground that evidence as to declarations of the devisee as to the estate which she received by the will, or how

she handled or treated such estate can have no bearing upon the estate which was actually conveyed by the will.

We are of the opinion that the Court was correct in refusing the admission of this evidence for the reason that it reflected in no way upon the intention of the testator, Harry T. Powell. In the construction of a will it is the intention of the testator that governs and not what someone else thought they were getting. This evidence offered by the appellant was irrelevant, improper and incompetent.

Counsel for appellant cites the case of **Winder, et al. v Scholey, et al., 83 Oh St 204**, as authority for the admission of this evidence. Paragraph 1 of the syllabus in this case provides:

"Where a testator is induced to make an apparently absolute legacy, by a promise, express or implied, on the part of the legatee that he will transfer the legacy to another, although no express trust is created and although the legatee at the time of the promise intended no fraud, a court of equity may interfere to prevent a wrong, and declare the legatee a trustee ex maleficio for the protection of the testator's intended beneficiary."

Paragraph 2:

"A trust in an absolute legacy may be established by parol evidence, and the contemporaneous declarations of the testator, and subsequent declarations of the legatee, that the bequest was made for the benefit of a third person upon the promise of the legatee to hold it in trust, are admissible for that purpose."

In this case the testator wished to will his property to his Lodge. His counsel advised him not to will it direct to the Lodge but suggested that he will it to three members of the Lodge in whom he had confidence that they would do with it what he intended them to do, namely, to turn it over to the Lodge, and he did so bequeath it upon the promise of one made in behalf of all that they would transfer it to the Lodge. Upon his death the three refused to turn over the property to the Lodge. Equity stepped in and prevented them from disposing of the property and declared them trustees ex maleficio. This case does not fit the case at bar for the reason that there was an agreement between the testator and one of the three that said property would be turned over to the Lodge.

In the case at bar the testimony offered and rejected by the Court was in no way connected with any wish or desire of the testator.

The plaintiff relies also on the case of **Harvey v Gardner, 41 Oh St 642**, the first syllabus of which provides:

"1. In this state it is competent to prove express trust in lands by parol evidence."

"3. The acceptance of an express parol trust engrafted upon an absolute grant of an interest in land, may be presumed from acts of the grantee at or subsequent to the time of the grant."

This case is not similar to the case at bar, for here there was parol evidence offered to prove an express trust in lands, and the Court held that acceptance of trust may be presumed from acts of the grantee at or subsequent to the time of the grant. In the case at bar there was no evidence, either verbal or written, as to the creation of any trust and therefore the conduct of the beneficiary under the will is irrelevant and immaterial.

The second assignment of error is:

"The Court below erred in rendering judgment for the defendant-appellee when judgment should have been rendered for plaintiff-appellant."

To pass upon this assignment of error it becomes necessary for the Court to determine the real intention of the testator. Item II under the will devises a fee simple estate to Adelia Powell, her heirs and assigns forever. Item III by providing "It is my wish that if at the death of my wife our son, Harry T. Powell, Jr., be living all our property go to him", does not in as clear terms take away or limit the devise and bequest to Adelia Powell, her heirs and assigns forever. The subject of cutting down a fee simple estate is discussed in **41 O. Jur. p. 738**:

"A fee simple estate granted in one clause of a will may be restricted to a lesser estate by subsequent provisions thereof, but an express bequest or devise cannot be cut down by a subsequent clause of doubtful meaning. Therefore, a fee simple estate granted in plain and unequivocal language in one clause of a will cannot be lessened or cut down by a subsequent clause unless the language therein is as clear, plain

and unequivocal as that in the first grant." (Innumerable Ohio cases are cited which sustain this principle.)

"Thus, an express and positive devise cannot be controlled * * * by subsequent clause expressing a wish, desire, or direction for its disposition after the death of the devisee, * * *."

"A devise of all of the testator's property to his wife, 'to be hers absolutely' vests in her the fee simple estate which is not lessened by a succeeding item providing that in case the wife of the testator should 'die, leaving no will,' the property should go to the children. It is also clear, both on principle and on authority, that a devise in fee is not to be modified or fettered with a trust by construction of its words, unless they plainly show that such was the intention of the testator. Such an intention is not to be imputed to him upon mere conjecture."

Continuing, paragraph 625 provides:

"An estate in fee simple is the full and absolute estate in all that can be granted. Subsequent provisions of a will will not avail to take away from such estate certain qualities that the law regards as inseparable therefrom, as, for example, alienability. Where a testator makes a gift with a condition inconsistent with, and repugnant to, the gift, the condition is wholly void. It is obvious, however, that a testator may, by the use of language in other portions of the will, give a lesser estate than the meaning of the words of the gift, standing alone, would import."

Continuing, paragraph 626 provides:

"It is well settled that a remainder cannot be limited after an estate in fee. The reasoning underlying this rule is fairly obvious. The fee is the whole estate, and where the entire estate is given to an individual, there cannot be a remainder. Nothing is left on which a remainder over can operate. It is frequently asserted that a remainder limited upon an estate in fee simple is void."

See also Page on Wills, Section 574:
"Language which cuts down an estate in fee to a less estate must be as clear and decisive as the words by which the estate in fee was given in the first instance."

Our view of the language used in this will is that the term "it is my wish," is merely precatory. No limitation is placed on the devise and bequest already made.

In the case of **Pealer, Admr., v. Cruit, 3 Abs 325,** this Court made the following pronouncement:

"Where one clause devises a fee simple estate, and another provides for a remainder, implying a life estate, the first clause, granting a fee simple is valid and the second is void, for where there is a fee, there is no remainder."

Also, in the acse of **Strevey v Williams, Exr., 34 Abs 81,** syllabus 3, this Court said:

"If a fee simple estate be granted in plain and unequivocal language in one clause of a will it cannot be lessened or cut down by subsequent clauses 'unless the language therein is as clear, plain and unequivocal as that in the first grant'."

See also **Persinger v Britton, 10 Oh Ap 165; Hull v Chisholm, 7 Oh Ap 347.**

For the foregoing reasons we find that no error was committed in the trial Court, and the judgment is affirmed.

HORNBECK, PJ, and WISEMAN, J, concur.