GILL, EXRX., APPELLANT AND APPELLEE, *v.* LEACH, ADMX. D. B. N., ET AL., APPELLEES AND APPELLANTS.

(No. 205—Decided May 19, 1947.)

*Mr. John A. Weber* and *Mr. Harold L. Williams,* for appellants and appellees Mary Almeda Gill, executrix, Mary Almeda Gill, Melva Louisa Smith and Mildred Eldridge.

Mr. R. E. *Snedden* and Messrs. *Brouse, McDowell, May, Bierce & Wortman,* for appellees and appellants Elizabeth R. Leach, administratrix, Elizabeth R. Leach, Roy S. Rollins, Frank Lyle Rollins, Frank P. Rollins and Helen Rollins Curtice.

DOYLE, P. J. The cause out of which the present controversy grows was tried in the Probate Court of Medina county on pleadings which called for the construction of the will of Frank Spellman, deceased. The wife, who survived the testator, was appointed executrix, and she continued in such capacity until her death.

At the time of the testator's death (in 1932) he was possessed of both real and personal property, which passed into the possession of the executrix for administration under the will. Upon the death of the executrix in 1945, she had a substantial part of the property which came to her in the capacity of executrix.

The questions posed are: What, if any, interest does the wife's estate now have in the property? Did she have an absolute estate and could she devise and bequeath it by will as a part of her estate, or did it pass to the claimed residuary legatees under the will of the husband?

The Probate Court adjudged a life interest only to the wife under the husband's will, and awarded the remainder at her death to the persons named in the instrument of the husband. The appeal to this court of Mary Almeda Gill, executrix, Mary Almeda Gill, Melva Louisa Smith, and Mildred Eldridge, challenges that judgment.

Frank Spellman willed:

"Item 3. All the rest and residue of my property

and estate, real and personal, of every kind and description, and wherever situated, I give, bequeath and devise to my wife, Mabelle H. Spellman.

"Item 4. At the decease of my said wife, Mabelle H. Spellman, or in the event that she shall die before I do, then at my decease, I give, bequeath and devise all of my property and estate, real and personal, of every kind and description that shall remain unused at the decease of my said wife, or at my decease, to the following named persons, to wit: one-fourth ($\frac{1}{4}$) part thereof to my niece, Elizabeth Leach; one-fourth ($\frac{1}{4}$) part thereof to my nephew, Roy Rollins; one-fourth ($\frac{1}{4}$) part thereof to my nephew, Lyle Rollins; and one-fourth ($\frac{1}{4}$) part thereof to the children of my nephew, Paul Rollins."

It is asserted that the above two items are inconsistent and repugnant and the latter one cannot stand.

*Tax Commission* v. *Oswald, Exrx.,* 109 Ohio St., 36, 48, 141 N. E., 678, is authority for the general statement that "* * * it is rudimentary in the construction of wills that the intention of the testator is to be ascertained, and the whole will given force and effect, if such a construction can be reached *consistent with the application of legal principles,* and that, when an instrument is open to two constructions, one of which will give effect to the whole instrument and the other will destroy a part of it, the former must always be adopted." (Italics ours.)

In *Robbins* v. *Smith, Jr., Admr.,* 72 Ohio St., 1, 73 N. E., 1051, appears the following part of the syllabus:

"2. The will of Edward Harwood provided that the remainder of his estate (two-thirds) should be equally apportioned amongst his children, but should not be paid over to them, but be safely invested for their behoof; and the annual income arising to each child be subject to her control, whether married or un-

married, and in no instance should the husband of any such child have any power or control over the principal or interest of such share; *nevertheless, each to have power and authority to will and devise her portion of said inheritance in such manner as she shall see fit.* In case of either dying without leaving a will her portion to be equally divided between her children who may survive her, or if she have no children surviving her, then the said portion to be paid to the testator's children who may survive her, share and share alike. The children referred to were three daughters, one of whom has since deceased. *Held:*

"(a) That under this will the children of the testator took absolute title to the income *but only an estate for life in the corpus of the estate,* with power in each to finally dispose by will of the portion devised for her benefit, and with remainder in the children surviving such child, and, failing those, in the surviving children of the testator in case the *corpus* should not be disposed of by will. * * *" (Italics ours.)

The claim of repugnancy was made in that case, and the erudite Judge Spear answered (at pages 16-17):

"The real question at the bottom of the inquiry so far as the claim of repugnancy is concerned is akin to that presented in *Baxter* v. *Bowyer,* 19 Ohio St., 490, and in *Johnson* v. *Johnson,* 51 Ohio St., 446. Those cases establish the rule that conflicting provisions of a will should be reconciled so as to conform to the manifest general intent, *and it is only in cases where such provisions are wholly and absolutely repugnant that either should be rejected.* And where, by one clause in a will, property is devised or bequeathed, by words *prima facie importing an absolute estate,* and by subsequent clause is given in remainder to another

person, the first devisee or legatee takes only a life estate, and the limitation over is valid." (Italics ours.)

The challenged items and the holding of the court in *Baxter* v. *Bowyer, supra,* were:

"3. * * *.

" 'Item 1.—I give and devise all my property to my beloved wife, Deborah Baxter, both real and personal, of every description, with full power to collect, by law or otherwise, all debts due me, and to adjust and pay all expenses resulting from my last sickness and demise, and all other just claims whatsoever. I also expressly desire that she shall have unlimited power in the possession of all property, real and personal, thus bequeathed to her; to sell at public or private sale, on such terms as she may think best, or use in any manner as she may deem proper, any or all of the property, real or personal; and deeds to purchasers to execute, acknowledge, and deliver in fee-simple.

" 'Item 2.—I do hereby devise that, at the death of my beloved wife, the sum of two hundred dollars be placed in the hands of the Treasurer of "Union Cemetery" as a perpetual fund, to be by him placed at interest, the interest to be annually collected and expended in taking care of our graves.

" 'Item 3.—I do hereby devise and bequeath, at the death of my beloved wife, after all expenses resulting from her last sickness and demise, and expenses of tombstones and item second shall have been adjusted, all the property then remaining to the Presbytery of Cincinnati; said principal to be placed by the said Presbytery in a fund where it will be permanent, and the interest thereof to be annually collected and equally divided between the Boards of Foreign and Domestic Missions.'

"*Held:* That under this will the wife took only a life estate, and life support, with power of sale for

the benefit of the estate, and that the remainder goes to the parties and uses specified in the last two items."

And in *Johnson* v. *Johnson, supra,* the controversial will provided and the holding was:

"1. * * * 'Second—I give and devise unto my beloved wife, and her assigns, all of the remainder of my property, both real and personal, however the same may be known, or wheresoever the same may be situate, with full power to bargain, sell, convey, exchange or dispose of the same as she may think proper; but, if at the time of her decease, any of my said property shall remain unconsumed, my will is that the same be equally divided between my brothers and sisters, and their children, if deceased, the children to have the same amount the parent would be entitled to if living.' *Held:* That under this will the widow took only a life estate in the property, both real and personal, with power to bargain, sell, convey, exchange or dispose of the same as she might think proper for consumption in her life support, and that what remained at the time of her death, unconsumed in supporting her, belongs to the remaindermen designated in the will."

In the cases above mentioned, as well as in the many cases cited by Judge Day in *Tax Commission* v. *Oswald, supra,* the testamentary provisions seem in most instances to follow a similar pattern. In these cases, in addition to a devise and bequest, the will further grants various powers to the taker, such as the power to "use," "possess," "sell" or "consume," or directs that the property shall be used for certain definite purposes, etc., which language the Ohio courts have said discloses an intention of limiting the estate; because if the testator had intended to make one an absolute owner, why should he make any provision as to the manner of using the property, or give other

powers inconsistent with an estate absolute? In fact, say the courts, after a clause bequeathing or devising property, the introduction of specific limitations or the granting of powers would seem to negative the idea that the testator supposed that he had already vested the absolute property in the person named. The words only *prima facie* import an absolute fee, and under such circumstances other provisions seemingly in conflict may be reconciled, thereby giving effect to the entire will.

The instrument which is now the subject of litigation differs materially, however, from the instruments under consideration in all of these cases. It does not contain the words "during her natural life," or "for her use during life," or words giving power to sell "for her use and benefit," or similar expressions familiar to the profession, which are referred to in the decisions in this state as aids in arriving at the intention of the testator, or in determining whether words later used in the instrument indicative of reserving a remainder over are repugnant to an earlier devise. To the contrary, the bequest and devise in item 3 is declarative, absolute, positive and direct.

The case must be governed by the well-settled principle that, when the absolute and unrestricted ownership of property is given by a will, a limitation over is void, because such a limitation is inconsistent with the full and complete title already given. The testator gave to his wife his entire estate, real and personal. He granted her no specific powers, nor did he impose any limitations. She was given the title in fee to the real estate, and an absolute ownership of the personal property in unequivocal terms under item 3. The limitation in item 4 of "all * * * that shall remain unused at the decease of my said wife" is clearly incon-

sistent with and repugnant to the already-given title in fee to the real estate and gift of the personalty.

"If the estate which is given to the first taker is a fee, an attempt to give any part of the property of which the first devisee has not disposed, does not cut the fee down to a life estate. * * *" 3 Page on Wills (Lifetime Ed.), Section 1111.

"Every devise in a will of lands, tenements or hereditaments, shall convey all the estate of the devisor therein, which he could lawfully devise, unless it clearly appears by the will that the devisor intended to convey a less estate." Section 10504-72, General Code.

The conclusions heretofore reached are not without authority of reported cases in this state. And while it is not generally profitable to place too much reliance on previously decided cases, because scarcely any two instruments present language precisely alike, the words in the instruments under inspection in the following cases were held to support an absolute estate and not an estate for life. And while in three of the cases cited below precatory words were specifically used in the devise or bequest of the remainder over, in the others such language was not employed. *Steuer* v. *Steuer*, 8 C. C. (N. S.), 71, 18 C. D., 145; *Tracy* v. *Blee*, 22 C. C. (N. S.), 33, 28 C. D., 461; *Robraham* v. *Gregg*, 2 Ohio App., 108; *Hull* v. *Chisholm*, 7 Ohio App., 346; *Watkins* v. *Price*, 16 Ohio App., 27; *Stophlet, Exrx.*, v. *Stophlet*, 22 Ohio App., 327, 153 N. E., 867; *Trumbull* v. *Stentz*, 30 Ohio App., 34, 164 N. E., 57; *Krumm, Exr.*, v. *Cuneo*, 71 Ohio App., 521, 47 N. E. (2d), 1003; *Powell, Jr.*, v. *Layton*, 79 Ohio App., 279, 69 N. E. (2d), 444; *Pealer, Admr.*, v. *Cruit*, 3 Ohio Law Abs., 325; *Jahnke* v. *Jahnke*, 10 Ohio Law Abs., 597; *Baker* v. *Van Arsdale*, 22 Ohio Law Abs.,

488

42. See, also, *Widows' Home* v. *Lippardt,* 70 Ohio St., 261, 71 N. E., 770; annotation, 75 A. L. R., 72.

The persons who claim as residuary legatees under the will (Elizabeth R. Leach, administratrix *de bonis non,* Elizabeth R. Leach, Roy S. Rollins, Frank Lyle Rollins, Frank P. Rollins, and Helen Rollins Curtice) have also filed a "notice of appeal" in this case. Their appeal is in effect a cross-appeal, and arises by reason of their claim that the trial court erred in excluding evidence tending to show "the practical construction" given to the will by the wife of the testator; they assert the evidence would tend to show that the wife recognized a life interest only as having been given her under the instrument.

We recognize that under certain circumstances a rule of practical construction has been adopted by some courts in other states of the Union. Ohio has as yet adopted no such rule. However, in no state where the rule exists has a court applied it to a case where the quality and quantity of a devise or bequest is clear and unmistakable, the rule having been applied only in cases where an ambiguity was present in the provisions of the will. And it may be said that, where an absolute estate is given in unequivocal terms by a husband to his wife, an interpretation of the will by the wife contrary to the legal meaning is of no effect to cut down the estate previously granted; provided, of course, that the element of estoppel or contract is not present (4 Page on Wills [Lifetime Ed.], Section 1614), or some circumstance extraneous to the will which would have an effect similar to that created by estoppel or contract (*Winder et al., Exrs.,* v. *Scholey et al., Trustees,* 83 Ohio St., 204, 93 N. E., 1098, 33 L. R. A. [N. S.], 995). See *Powell, Jr.,* v. *Layton, supra.*

On the appeal of appellants Mary Almeda Gill, ex-

ecutrix· of the will and estate of Mabelle Spellman, deceased, Mary Almeda Gill, Melva Louisa Smith and Mildred Eldridge, the judgment will be reversed because contrary to law, and final judgment will be entered in their favor; and it appearing that there is no error apparent on the face of the record to the prejudice of appellants Elizabeth R. Leach, administratrix *de bonis non,* etc., Elizabeth R. Leach, Roy S. Rollins, Frank Lyle Rollins, Frank P. Rollins and Helen Rollins Curtice, and that the judgment to be entered on the appeal of appellants Mary Almeda Gill, executrix, et al., will fully dispose of all matters in connection with the case, the appeal of appellants Elizabeth R. Leach, administratrix, et al., will be dismissed.

*Judgment accordingly.*

STEVENS and HUNSICKER, JJ., concur.