**Doris H. KIDD, Executrix of the Estate of Robert A. Kidd, Deceased, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**
**Civ. A. No. 67-4.**

United States District Court,
S. D. Ohio, E. D.

Jan. 27, 1971.

Roger K. Powell and Frank B. McClelland, Columbus, Ohio, for plaintiff.

Roger Makley, U. S. Atty., Johnnie M. Walters, Asst. Atty. Gen., for defendant.

## OPINION AND ORDER

KINNEARY, District Judge.

This matter has been submitted to the Court on a stipulation of facts filed March 5, 1969, and the memoranda of the parties.

The decedent, Robert A. Kidd, died May 21, 1962, leaving a last will and testament dated December 22, 1953. The will provided, in relevant part:

ITEM II. I give, devise and bequeath to my wife, Doris H. Kidd, all the property, both real and personal, of every kind and description, wheresoever situated, which I may own or have the right to dispose of at the time of my decease, to be hers absolutely.

ITEM III. Should my wife, Doris H. Kidd, not survive me, or should we die in a common accident or catastrophe, or should she enter upon her duties as executrix and fail to complete the administration of my estate, and my daughter, Majorie Carol Kidd, not have attained her twenty-first birthday, then I give, devise and bequeath all my property, of every kind, to George H. Huff, hereinafter called my trustee, in trust for the uses and purposes hereinafter set forth.

The decedent's will was admitted to probate in the Probate Court of Franklin County, Ohio, on May 26, 1962, and letters testamentary were issued to the decedent's surviving spouse, the taxpayer herein. The administration of decedent's estate was completed on December 12, 1963.

On July 3, 1963, a federal estate tax return for the estate of Robert A. Kidd was filed with the District Director of Internal Revenue. Upon audit, the Internal Revenue Service made certain adjustments, which adjustments resulted in a tax deficiency in the amount of $41,524.51. The taxpayer has agreed to all of these adjustments with the exception of the disallowance of part of the marital deduction. As the taxpayer was advised by the Internal Revenue Service, a part of the marital deduction was "not allowable because the interest of the surviving spouse is a terminable interest as defined in Section 2056 of the Code."

The parties have agreed to submit this controversy to the Court upon the pleadings, the stipulation of facts with it attendant exhibits, and briefs.

The United States contends that Section 2056(a) of the Internal Revenue Code of 1954 limits the allowance of a marital deduction so that it would not be available for those interests given to a surviving spouse which may fail or terminate under certain conditions. Section 2056(a) provides, in relevant part:

(a) *Allowance of Marital Deduction.*— For purposes of the tax imposed by section 2001, the value of the taxable estate shall, except as limited by subsections (b), (c), and (d), be determined by deducting from the value of the gross estate an amount equal to the

value of any interest in property which passes or has passed from the decedent to his surviving spouse, but only to the extent that such interest is included in determining the value of the gross estate.

(b) *Limitation in the Case of Life Estate or Other Terminable Interest.—*

(1) *General rule.—*Where, on the lapse of time, on the occurrence of an event or contingency, or on the failure of an event or contingency to occur, an interest passing to the surviving spouse will terminate or fail, no deduction shall be allowed under this section with respect to such interest.

(A) If an interest in such property passes or has passed (for less than an adequate and full consideration in money or money's worth) from the decedent to any person other than such surviving spouse (or the estate of such spouse) ; and

(B) If by reason of such passing such person (or his heirs or assigns) may possess or enjoy any part of such property after such termination or failure of the interest so passing to the surviving spouse) ;

\*   \*   \*   \*   \*   \*

(3) *Interest of spouse conditional on survival for limited period.—* For purposes of this subsection, an interest passing to the surviving spouse shall not be considered as an interest which will terminate or fail on the death of such spouse if ;

(A) Such death will cause a termination or failure of such interest only if it occurs within a period not exceeding 6 months after the decedent's death, or only if it occurs as a result of a common disaster resulting in the death of the decedent and the surviving spouse, or only if it occurs in the case of either such event; and

(B) Such termination or failure does not in fact occur.

The United States argues a terminable interest was created by the following language in the will:

or should she [my wife] fail to complete the administration of my estate
\*   \*   \*

Section 2113.53, Ohio Revised Code, provides that the administration of a decedent's estate may not be completed until after the expiration of six months following the appointment of the executor or administrator:

When six months have expired after the appointment of an executor or administrator and one month has expired after approval of the inventory required by section 2115.02 of the Revised Code, and the surviving spouse has made an election, and when all debts are paid, except debts not due and payable, and claims rejected within two months or in suit, and when provision has been made as prescribed in section 2117.28 of the Revised Code for any debts which are not due and payable, the executor or administrator may provide for the payment of such rejected claims and claims in suit by setting aside enough assets for that purpose, to the satisfaction of and in the manner directed by the probate court. Having done so, such executor or administrator may distribute to the legatees entitled thereto under the will, if there is no action pending to set aside the will, or to the distributees entitled thereto by law, in cash or in kind, any part or all of the assets of the estate not set apart as provided in this section and not required for any other purpose. \*   \*   \*

Thus, the United States contends that under the terms of the will the taxpayer, as surviving spouse, did not qualify for her interest in decedent's estate unless she survived the administration of the estate and, since under Ohio law it was impossible for the administration to be completed within six months of the dece-

dent's death, the six month exception in Section 2056(b) (3) has no applicability. Therefore, the government argues the interest which the taxpayer acquired under the will at the time of her husband's death was a terminable interest which would not qualify for a marital deduction.

Plaintiff's position is that the will does not provide for a terminable interest and that all of the property which passed to her under the will vested in her at the time of her husband's death. Plaintiff argues Item II of the will devised a fee simple absolute interest and the succeeding Item cannot, acting as a condition subsequent, divest her of the fee simple, relying upon Collins v. Collins, 40 Ohio St. 353; Ohio National Bank v. Boone, 139 Ohio St. 361, 40 N.E.2d 149; Jones v. Jones, 48 Ohio App. 138, 192 N.E. 811; Gill, Executor v. Leach, Adms., 81 Ohio App. 480, 80 N.E.2d 256.

Ohio has long recognized that the rule of interpretation of a will is to ascertain and give effect to the intention of the testator. See, 560 O.Jur.2d § 519, p. 46. The intention of the testator is to be gathered from looking at the whole will. Johnson v. Johnson, 51 Ohio St. 446, 459, 38 N.E. 61 (1894); 56 O.Jur.2d § 523, p. 60. It is clear from a reading of the language of the entire will that it was the testator's intention that his wife's interest would terminate if she failed to complete the administration of the estate. See, United States v. Mappes, 318 F.2d 508 (10th Cir. 1963); Bookwalter v. Lamar, 323 F.2d 664 (8th Cir. 1963); Tax Commission of Ohio v. Oswald, 109 Ohio St. 36, 141 N.E. 678 (1923).

WHEREUPON, the Court holds the plaintiff's interest in the decedent's estate is a terminable one which does not qualify for the marital exemption claimed under the provisions of Section 2056(a), Internal Revenue Code of 1954. United States v. Mappes, *supra*; Bookwalter v. Lamar, *supra*.

This action is hereby dismissed.